Martin M. VILLARREAL, Petitioner,

v.

SAN ANTONIO TRUCK &
EQUIPMENT and Robert
Gonzalez, Respondents.

No. 98–0623.

Supreme Court of Texas.

Argued April 7, 1999.

Decided May 27, 1999.

Luis R. Vera, Jr., Les Mendelsohn, San Antonio, for Petitioner.

Peter Y. Henry, San Antonio, for Respondents.

Chief Justice PHILLIPS delivered the opinion of the Court, in which Justice HECHT, Justice OWEN, Justice ABBOTT, Justice HANKINSON, Justice O'NEILL, and Justice GONZALES, joined.

The issue presented is whether the standard notice of dismissal used by the district courts of Bexar County, which warns that a case will be dismissed "if no announcement is made" at the dismissal hearing, adequately apprises parties of the trial court's intent to dismiss for want of prosecution in the exercise of its inherent power. Because we hold that it does not,

we reverse the judgment of the court of appeals, 974 S.W.2d 275, and remand this cause to the trial court for further proceedings.

On June 21, 1994, Martin Villarreal sued San Antonio Truck and Equipment, Inc., and Robert Gonzales ("Defendants") in Bexar County district court for failure to maintain a safe work environment. The parties engaged in discovery during the summer of 1994, but no further action was taken until the trial court, on its own motion, notified Villarreal on August 30, 1996, that the case was set on the October 1996 dismissal docket. The notice of setting stated:

> BY DIRECTION OF THE PRESIDING JUDGE OF SAID COURT[,] NOTICE IS HEREBY GIVEN YOU THAT THE ABOVE CAUSE(S), UPON ORDER OF THE COURT[,] IS SET FOR DISMISSAL ON THE 22 ND DAY OF OCTOBER, 1996.... YOU ARE REQUESTED TO BE PRESENT AND MAKE YOUR ANNOUNCEMENT. IF NO ANNOUNCEMENT IS MADE, THIS CAUSE WILL BE DISMISSED FOR WANT OF PROSECUTION.

> ALL ORDERS THAT WILL REMOVE A CASE FROM THE DISMISSAL DOCKET MUST BE SUBMITTED TO THE DISMISSAL DEPARTMENT ON OR BEFORE THE DATE WHEN THE DOCKET IS CALLED.

> YOU ARE REMINDED THAT THIS IS NOT A DOCKET FOR THE RE-SETTING OF CASES, BUT FOR THEIR DISMISSAL.

On October 21, 1996, Villarreal filed a motion to set the case on the jury docket. On October 22, 1996, he filed a motion to retain the case, asserting that he was ready to proceed to trial. That same day, the trial court held the. dismissal hearing. Although the record on appeal does not contain a reporter's record of the hearing,[1]

---

1. The reporter's record of the dismissal hearing was excluded from the record on appeal

Defendants conceded in their brief to this Court that "[t]he plaintiff and his attorney did appear at the docket [call]." At oral argument, Defendants further acknowledged that "[the plaintiff] did announce that he was ready." Because the sole issue on appeal is the adequacy of the Bexar County notice of dismissal, these statements provide a sufficient factual basis to resolve the case.

Villareal contends that the dismissal was improper because he complied with the notice's conditions of (1) presence at the dismissal docket hearing, and (2) announcement of readiness for trial. The notice, he says, limited the trial court's discretion to dismiss to those instances where "no announcement is made." Thus, Villareal argues, the trial court abused its discretion by dismissing the case for want of prosecution on the ground that "[i]t appear[ed] to the Court that there is good and sufficient reason for dismissal of these cases for want of prosecution...." [2]

Defendants maintain that the trial court committed no abuse because the Bexar County dismissal docket notice "did not mislead Villarreal. It clearly stated that the case was being set for dismissal and did not state that all Villarreal had to do as he argues, is to show up and announce ready." Defendants argue that the notice provided adequate warning that Villarreal was required to show good cause why his case should not be dismissed at the docket call hearing. The court of appeals affirmed, with one justice dissenting. 974 S.W.2d 275.

■ The trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. *See Veterans'*

*Land Bd. v. Williams,* 543 S.W.2d 89, 90 (Tex.1976); *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85, 87 (1957). A trial court may dismiss under Rule 165a on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," Tex.R. Civ. P. 165a(1), or when a case is "not disposed of within the time standards promulgated by the Supreme Court...." Tex.R. Civ. P. 165a(2).[3] In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. *See Rizk v. Mayad,* 603 S.W.2d 773, 776 (Tex.1980); *Williams,* 543 S.W.2d at 90.

■ However, a party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either Rule 165a or its inherent authority. *See* Tex.R. Civ. P. 165a(1) ("Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record...."); *General Elec. Co. v. Falcon Ridge Apartments, Joint Venture,* 811 S.W.2d 942, 943 (Tex.1991); *Gutierrez v. Lone Star Nat'l Bank,* 960 S.W.2d 211, 214 (Tex.App.—Corpus Christi 1997, pet. denied) (requiring notice for dismissals under Rule 165a); *see also State v. Rotello,* 671 S.W.2d 507, 508–09 (Tex.1984); *Callahan v. Staples,* 139 Tex. 8, 161 S.W.2d 489, 491 (1942) (requiring notice for dismissals under the court's inherent power). The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal. *See Donnell v. Spring Sports, Inc.,* 920 S.W.2d 378, 386 (Tex.App.—Houston[1st Dist.] 1996, writ denied); *Davis v. Laredo Diesel, Inc.,* 611 S.W.2d

---

when the court of appeals denied Villarreal's motion to file the record late on the ground that he had not filed a timely motion for extension of time.

**2.** Villarreal appealed the trial court's dismissal for want of prosecution without filing a motion to reinstate in the trial court pursuant

to Texas Rule of Civil Procedure 165a(3). *See* Tex R. Civ. P. 165(a)(3).

**3.** Rule 6 of the Rules of Judicial Administration provides that civil jury cases must be disposed of within 18 months from the appearance date. *See* Tex.R. Jud. Admin. 6.

943, 946–47 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.).

■ The notice of setting sent to Villarreal warned of dismissal for the failure to make an announcement at the dismissal hearing. Thus, the notice apprised Villarreal of a possible Rule 165a(1) dismissal for failure to make an appearance. Because it is undisputed that Villarreal did appear, the trial court could not have dismissed this case for want of prosecution under Rule 165a(1). Nonetheless, Defendants contend that the dismissal was warranted under the trial court's inherent power to dismiss [4] and argue that the notice of setting warned of the trial court's intent to invoke this power.

The court of appeals agreed:

The notice in the instant case expressly stated that the case was set on the dismissal docket upon the court's own motion. The placement of a case on the dismissal docket on a court's own motion is nothing but an exercise of the trial court's inherent authority to control its docket. Therefore, it cannot be said that Villarreal was not alerted that the trial court was invoking its inherent power to dismiss for lack of diligent prosecution when the court, on its own motion, placed his case on the dismissal docket.

974 S.W.2d at 278(citations omitted). We disagree.

The Fourth Court of Appeals has considered the adequacy of the Bexar County dismissal notice twice before, reaching conflicting results. In the more recent case of *Goff v. Branch,* 821 S.W.2d 732 (Tex. App.—San Antonio 1991, writ denied), the court found that the Bexar County notice "merely gave the appellants notice that the dismissal setting was pursuant to the provisions of Rule 165a(1)." *Id.* at 734. The court rejected an argument that, although

a Rule 165a(1) dismissal was not warranted, the dismissal and failure to reinstate the case were justified under the court's inherent power to dismiss for failure to diligently prosecute. The court reasoned:

[W]e can find no authority for a court to invoke for the first time, without prior notice, its inherent power to dismiss for want of prosecution in a reinstatement hearing clearly involving only the review of a dismissal order under TEX. R.CIV.P. 165a(1). This is especially true when notice received by the party whose cause has been dismissed was pursuant only to Rule 165a(1). If a trial court had authority to invoke its inherent powers to dismiss for want of prosecution at any time, with or without proper notice, cases could be summarily dismissed at random in the privacy of the court's chambers. Such a situation would be unjust and untenable.

*Id.* at 736.

Earlier, in *Ozuna v. Southwest Bio-Clinical Laboratories,* 766 S.W.2d 900 (Tex.App.—San Antonio 1989, writ denied), the court reached the opposite result. It concluded that the Bexar County notice was adequate to provide for dismissal "on two separate and independent grounds: (1) failure to appear at the dismissal hearing, and (2) failure to litigate the case with due diligence." *Id.* at 901. Because the record was unclear on whether the parties had in fact appeared at the dismissal hearing, the court affirmed the dismissal on the sole ground of the trial court's inherent power to dismiss for failure to diligently prosecute. *See id.*

In deciding this case, the court of appeals relied upon *Ozuna,* determining that *Goff* was not binding authority because "we are not presented with the issue of whether reinstatement was required under Rule 165a(3), rather we are asked to deter-

---

4. Although the Defendants make brief reference to the ability to dismiss a case pursuant to Rule 165a(2), warranting dismissal for failure to adhere to the Supreme Court time standards, they do not urge that Villarreal violated this standard. Thus, we do not consider the possibility of dismissal under Rule 165a(2), except to state that adequate notice of the court's intent to dismiss on this ground is also required.

mine whether the trial court properly concluded that Villarreal's case had not been prosecuted with due diligence." 974 S.W.2d at 278. This statement mischaracterizes the issue on appeal. Before deciding whether the trial court properly concluded that Villarreal failed to exercise diligent prosecution, the court must first determine whether the trial court gave adequate notice of its intent to invoke its inherent authority to dismiss on such ground. Thus, although this case does not involve a reinstatement hearing, as does *Goff*, *Goff*'s rationale regarding the adequacy of the Bexar County dismissal notice is persuasive here.

■ We reject Defendants' contention that "[t]he dismissal notice clearly indicated that the plaintiff's case would be dismissed unless the plaintiff could show good cause why it should not be dismissed for want of prosecution." A plain reading of the Bexar County standard dismissal notice informs parties only of a possible Rule 165a(1) dismissal. *See Goff*, 821 S.W.2d at 734. In response to that notice, the plaintiff appeared and announced ready for trial at the dismissal docket call. Because Villarreal complied with all the requirements of the notice, the trial court abused its discretion by invoking its inherent authority to dismiss for failure to prosecute diligently. *Cf. Shook v. Gilmore & Tatge Mfg. Co.*, 951 S.W.2d 294, 297 (Tex.App.—Waco 1997, pet. denied) (declining to decide appeal on plaintiff's failure to prosecute case diligently when the trial court failed to give notice that "the diligence of prosecution would be a factor in the judge's deciding whether to reinstate the case").

■ Defendants contend that the notice's language, "if no announcement is made, this cause will be dismissed for want of prosecution," was not intended to be literally interpreted. They urge that a literal interpretation would permit even an announcement of "not ready for trial" to save the case from dismissal. However, language "will not be so construed or in-

terpreted as to lead to absurd conclusions ... if the provision is subject to another, more reasonable interpretation." *C & H Nationwide, Inc. v. Thompson*, 903 S.W.2d 315, 322 n. 5 (Tex.1994). Because a reasonable litigant would understand that only an announcement of ready for trial would justify removal from the dismissal docket, we reject Defendants' alternative construction.

■ Defendants also argue that Villarreal should be charged with notice of the court's inherent authority to dismiss for lack of diligent prosecution through Local Rule 3.26 of the Bexar County District Courts Local Rules, which provides:

> Pursuant to Rule 165a, T.R.C.P., cases that have not been disposed of within the Supreme Court's time standards shall be scheduled for hearing to show cause why they should not be dismissed for want of prosecution. The local administrative judge shall periodically assign judges to preside over the dismissal docket.

BEXAR COUNTY (TEX.) DIST. CT. LOC. R. 3.26. Defendants rely on our decision in *Rotello*, where we held that the plaintiffs were "charged with notice of the trial court's intention to dismiss this cause at the ... dismissal docket by their attorney's knowledge of the [Brazos County district courts'] local rule." *Rotello*, 671 S.W.2d at 508. This case is distinguishable from *Rotello*. The Brazos County local rule explicitly states that " '[t]his rule shall constitute notice of [the dismissal] hearings,' " *id.* (quoting BRAZOS COUNTY (TEX.) DIST. CT. LOC. R. 11.1), while the Bexar County local rule omits such language. Furthermore, the Bexar County notice flatly contradicts the local rule by suggesting that an announcement will cure the lack of prosecution and by failing to warn that good cause must be shown to avoid dismissal. We therefore conclude that *Rotello* is not controlling in this case.

■ Finally, Defendants contend that the last sentence of the dismissal docket

notice, which reminds litigants that "this is not a docket for the re-setting of cases, but for their dismissal," serves as adequate notice that the court will dismiss the case for want of prosecution unless good cause is shown at the docket call. We do not read the sentence in this way. Nothing in this language notifies a party that good cause must be shown to avoid dismissal, nor does it otherwise cure the misleading effect of the earlier language.

To the extent that *Ozuna* can be read to hold that the Bexar County notice of dismissal apprises parties of the court's intent to dismiss on a ground other than the failure to appear under Rule 165a(1), or that *Knight v. Trent*, 739 S.W.2d 116 (Tex. App.—San Antonio 1987, no writ), *Gaebler v. Harris*, 625 S.W.2d 5 (Tex.App.—San Antonio 1981, writ ref'd n.r.e.), and *Laird v. Jobes*, 580 S.W.2d 413 (Tex.Civ.App.—San Antonio 1979, no writ), imply that a party may be charged with such notice, we disapprove of the language of those cases. We, therefore, reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

Justice ENOCH filed a dissenting opinion, in which Justice BAKER joined.

Justice ENOCH, joined by Justice BAKER, dissenting.

I share the sentiment that, I think, motivates the Court to reach its result—frustration at the Bexar County District Clerk's apparent refusal to change a badly worded dismissal notice, even after the court of appeals has expended significant judicial resources in several reported decisions to answer parties' questions about the notice's wording.[1] But frustration should not decide cases. The issue here is whether the notice is sufficient to warn litigants that the trial court might, under its inherent power, dismiss a case for want of prosecution. While the notice is not a model of clarity or good writing, it is sufficient. I dissent.

The Court's reasoning is flawed in several respects. First, in construing the dismissal notice, the Court focuses its attention on only two sentences: "You are requested to be present and make your announcement. If no announcement is made, this cause will be dismissed for want of prosecution." But the Court ignores the last line of the notice: "You are reminded that this is not a docket for the re-setting of cases, but for their dismissal."

Second, only looking at the two sentences it cites, the Court then assumes that a "plain reading" of this language "informs parties only of a possible Rule 165a(1) dismissal."[2] But what is a Rule 165a(1) dismissal? It is a dismissal based on a party's failure to appear for a hearing.[3] Thus under the Court's "plain reading," the dismissal notice, apparently, would only tell a party: If you come to this dismissal hearing, you won't get dismissed for not coming to this dismissal hearing. This "plain reading" is nonsense—the whole point of the dismissal docket, as any lawyer who practices in Bexar County knows,[4] is to allow Bexar County District Courts to dismiss cases of parties who are not diligently pursuing their claims.

---

1. *See Goff v. Branch*, 821 S.W.2d 732 (Tex. App.—San Antonio 1991, writ denied); *Ozuna v. Southwest Bio-Clinical Laboratories*, 766 S.W.2d 900 (Tex.App.—San Antonio 1989, writ denied).

2. 994 S.W.2d at 632.

3. *See* TEX.R. CIV. P. 165a(1).

4. *See* Bexar County Local Rule 3.26, RULES OF PRACTICE, PROCEDURE AND ADMINISTRATION IN THE DISTRICT COURTS OF BEXAR COUNTY, TEXAS (April 1991) (providing for show cause hearings on dismissal docket when cases are not diligently prosecuted); *State v. Rotello*, 671 S.W.2d 507, 508 (Tex.1984) ("We conclude that the Rotellos are charged with notice of the trial court's intention to dismiss this cause at the April 1982 dismissal docket by their attorney's knowledge of the local rule.").

Third, the Court contradicts its own "plain reading"—for the Court says "a reasonable litigant would understand [from the dismissal notice] that *only an announcement of ready for trial* would justify removal from the dismissal docket."[5] The Court in one breath reads a single warning—that a party's case will be dismissed only if he fails to appear for the dismissal hearing. But in the next, the Court concludes that this warning necessarily also warns the party that he must announce "ready for trial."

The Court professes to be compelled to this contradiction in order to avoid the "absurd conclusion" that follows from its "literal interpretation" of the two sentences.[6] Its interpretation is that these two sentences promise that the case won't be dismissed if the party appears and makes an announcement—*any* announcement. But the Court follows false logic. The sentences don't say what the Court fears. The sentences literally promise *only* that the case *will* be dismissed if *no* announcement is made. It's a simple statement. There is nothing absurd about it. And significantly, these sentences do not promise the opposite—that if one merely announces, his case will not be dismissed.

A "literal interpretation" of the entire notice, including the final line, reveals that the notice warns that the trial court will exercise its inherent power to control its docket. As mentioned, the last line of the notice states: "You are reminded that this is not a docket for the re-setting of cases, but for their dismissal." Villarreal had notice that merely showing up and asking to be set for trial would not be enough—he was coming to a hearing where the trial court would decide whether to dismiss his case for want of prosecution, and he had notice that the way to avoid dismissal was not just to show up, but to show up *and convince* the trial court not to exercise its inherent power to dismiss the case.

And if those three lines weren't enough, the notice also expressly stated that the trial court placed Villarreal's claim on the dismissal docket on its own motion. As the court of appeals correctly noted, this additionally indicated that the trial court was invoking its inherent power to, after a hearing, dismiss Villarreal's claim.[7]

Finally, we don't have a record of the dismissal hearing. So how can we determine whether the trial court abused its discretion? The answer is simple—we can't. Therefore we presume the trial court didn't.[8] The Court, however, tries to gloss over the lack of a record by latching onto San Antonio Truck's concession that Villarreal appeared at the hearing and announced ready for trial.[9] But those facts are beside the point. San Antonio Truck conceded Villarreal's appearance and announcement precisely because, while it was true, it did not matter. To get to the Court's conclusion, it has to decide that the trial court, as a matter of law, had to believe Villarreal when he said he was ready. But the trial court didn't have to. Why should it—after all, Villarreal had done nothing for two years before the trial court put the case on the dismissal docket. Furthermore, without a record, we don't know what Villareal's excuse, if he even gave one, was. The court of appeals stated it succinctly: "A belated trial setting or eager announcement of readiness to proceed to trial does not conclusively establish diligence."[10]

Out of frustration, the Court undertakes a strained effort to read the notice to warn only of a potential Rule 165a(1) dismissal.

5.  994 S.W.2d at 632 (emphasis added).

6.  *Id.* at 632.

7.  974 S.W.2d at 278 (citation omitted).

8.  *See Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex.1987); *Ozuna,* 766 S.W.2d at 901.

9.  994 S.W.2d at 632.

10.  974 S.W.2d at 278.

And then it rewrites the notice to require a "ready for trial" announcement in order to avoid absurdity. But it then denies to the trial court the fundamental discretion to disbelieve the announcement, even if the record shows the party's actions belying his words. The Court errs. The dismissal notice in this case adequately informed Villarreal that the trial court was invoking its inherent power to dismiss his claim for want of prosecution. I dissent.

A final thought—if I were the Bexar County District Clerk, I'd rewrite the notice to include the phrase, "The trial court is invoking its inherent power to dismiss this case for want of prosecution." It would be more clear and, it appears, nothing less will do.