Sandra Ealy BINNER f/k/a Sandra
Ealy d/b/a U.S. Inmate Telephone
Consultants, Appellants,

v.

LIMESTONE COUNTY, Texas and
Peoples Telephone Company,
Appellees.

No. 10–02–130–CV.

Court of Appeals of Texas,
Waco.

Jan. 28, 2004.

Marshall Dooley, Dooley & Rucker, Dallas, for appellants.

Alfred Mackenzie, Haley Davis, P.C., Waco, Richard M. Anderson, Marshall, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.[1]

## OPINION

TOM GRAY, Chief Justice.

After four years and almost no activity in the case, the trial court dismissed Sandra Ealy Binner's cause of action against Limestone County and Peoples Telephone Company, Inc. Binner filed a motion to reinstate which the trial court denied. Binner's only complaint is that she proved at the hearing on her motion to reinstate that her failure to appear for the dismissal docket was not intentional or the result of conscious indifference and thus the trial court erred in dismissing her suit. At the hearing, she did not address why she had not diligently prosecuted her suit in the four years before being placed on the dismissal docket. We affirm the decision of the trial court.

### BACKGROUND

Binner filed an original petition against Limestone County in February of 1998. Limestone County filed an answer in March of 1998. It also filed special exceptions. In response, Binner amended her petition in the same month. On the same day as she amended the petition, Binner served written discovery. In April of 1998, Binner filed a second amended petition which added Peoples Telephone Company, Inc. as a defendant. Peoples filed its answer in May of 1998. Other than a notice of change of address in 1999, no other activity took place in the case until October of 2001 when the District Clerk of Limestone County sent a letter to the parties notifying them that the case had been placed on the dismissal docket.

In response to the court's letter, Binner contacted the clerk's office by telephone. According to Binner, the clerk's office said that based upon the telephone call, the case would be set for trial, not dismissed. Binner then received an order dismissing her case rather than setting it for trial. Binner filed a motion to reinstate with a supporting affidavit. Limestone County and Peoples Telephone both contested the motion to reinstate, objected to the proof offered by affidavit, and in the alternative, moved to dismiss the case for want of prosecution. The trial court denied Binner's motion to reinstate. Binner pursued this appeal.

### CONSCIOUS INDIFFERENCE V. GOOD CAUSE

Binner's contention on appeal is that the trial court erred in failing to apply Rule 165a(3) to Binner's motion to reinstate. The rule provides, in part:

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

TEX.R. CIV. P. 165a(3). Binner contends that the notice of dismissal and the order make it clear that the trial court would dismiss and did dismiss the lawsuit for failure to appear for the dismissal docket. We disagree. The relevant part of the notice of dismissal states:

All cases on the attached list will be dismissed at that time unless the causes have been tried or good cause is shown as to why these causes should not be dismissed. You may file a Motion to Retain no later than Monday, December

1. This case was submitted with former Chief Justice Davis on the panel, but he resigned effective August 4, 2003. See TEX R.APP. P. 41.1(c). Justice Reyna, who took the oath of office on January 5, 2004, participated in the decision of the court.

21, 2001. If a Motion to Retain is filed, no appearance is necessary on December 27, 2001. The Court will set the case for trial and thereafter there can be no continuance except by order of the Court.

The trial court's order of dismissal states:

THE COURT HAVING HERETOFORE SERVED ON THE PARTIES HEREINABOVE NOTICE OF THE COURT'S INTENTION TO DISMISS AND THE PARTIES HEREIN HAVING FAILED TO COMPLY WITH THE TERM OF SAID ORDER TO RETAIN SAID CAUSE ON THE DOCKET:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT THE ABOVE ENTITLED AND NUMBERED CAUSE IS IN ALL THINGS DISMISSED FOR WANT OF PROSECUTION.

■ The trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999). A trial court may dismiss under Rule 165a on the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or when a case is "not disposed of within the time standards promulgated by the Supreme Court...." Tex.R. Civ. P. 165a(1) & (2); *id.* In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute her case with due diligence. *Villarreal*, 994 S.W.2d at 630. Here, the trial court notified Binner that her cause would be dismissed unless her case was tried by December 27th or she had shown good cause, either by appearance at the dismissal docket or by a filed motion to retain, why it should not be dismissed. With Binner having failed to comply with at least one of these requirements, the trial court dismissed her cause for want of prosecution.

A reasonable interpretation of the notice and dismissal language is not that the cause would be dismissed only for failure to appear at the December 27, 2001 hearing as Binner claims. Under the general notice sent to Binner, the trial court could dismiss the suit pursuant to: (1) Rule 165a(1) if Binner failed to appear for the dismissal docket without filing a motion; (2) Rule 165a(2) for failure to dispose of the suit within the Supreme Court's guidelines; or (3) its inherent authority.

■ Binner's issue relies entirely on the application of Rule 165a(3)'s standard for reinstatement and is based on the premise that the court erroneously dismissed the case under Rule 165a(1). However, in this case, Rule 165a(3) does not provide the appropriate measure for determining whether the court should have reinstated the case. As several other courts of appeals have held, Rule 165a(3)'s standard for reinstatement only applies to cases dismissed for failure to appear under Rule 165a(1). *See Maida v. Fire Ins. Exchange*, 990 S.W.2d 836, 841 (Tex.App.-Fort Worth 1999, no pet.); *Burton v. Hoffman*, 959 S.W.2d 351, 354 (Tex.App.-Austin 1998, no pet.); *Clark v. Yarbrough*, 900 S.W.2d 406, 408–09 (Tex.App.-Texarkana 1995, writ denied); *Eustice v. Grandy's*, 827 S.W.2d 12, 14 (Tex.App.-Dallas 1992, no writ); *Ozuna v. Southwest Bio–Clinical Laboratories*, 766 S.W.2d 900, 903 (Tex. App.-San Antonio 1989, writ denied)(overruled on other grounds, *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 633 (Tex.1999)); *Stromberg Carlson Leasing Corp. v. Central Welding Supply Co.*, 750 S.W.2d 862, 866 (Tex.App.-Houston [14th Dist.] 1988, no writ); *Moore v. Arm-*

*our & Co.*, 748 S.W.2d 327, 331 (Tex.App.-Amarillo 1988, no writ). We agree with those decisions.

The standard set out in Rule 165a(3) is essentially the same standard as that for setting aside a default judgment. *See Maida v. Fire Ins. Exchange*, 990 S.W.2d at 840. Such a standard is well suited for analyzing specific instances of conduct. It does not, however, easily lend itself to determining whether a party failed to diligently prosecute a case dismissed under a court's inherent authority or whether a party failed to dispose of the case within the Supreme Court's time standards for disposition. TEX.R. CIV. P. 165a(2).

 The motion to reinstate is the failsafe to prevent cases that fall into any of the three categories from being improperly dismissed. It essentially provides an opportunity for the dismissed plaintiff to explain the failure to appear at any hearing, if applicable, the failure to prosecute the case with due diligence, and to request the court to reconsider its decision to dismiss, in much the same manner as a motion for a new trial. *See Stromberg Carlson Leasing Corp.*, 750 S.W.2d at 866. But Rule 165a(3)'s reinstatement standard, "conscious indifference," only applies to cases dismissed for failure to appear. *Cf. Shook v. Gilmore*, 951 S.W.2d 294, 297 (Tex.App.-Waco 1997, writ denied)(Where a dismissal order specifically stated that the dismissal was due to the party's failure to appear at a pretrial hearing, the party was only required to prove that failure to appear was not intentional or the result of conscious indifference). In this case, the court's notice required Binner to show more. It required a showing of "... good cause ... as to why these causes should not be dismissed."

This notice of dismissal is fundamentally different from the notice discussed in *Villarreal*. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628 (Tex.1999). The notice in *Villarreal* did not require a showing of good cause to avoid dismissal. *Id.* at 633. It only required an announcement that the plaintiff was ready. *Id.* at 631. It was undisputed that not only did the plaintiff appear for the dismissal docket hearing, but also the plaintiff "did announce that he was ready." *Id.* at 630. Having done all that the notice required, the Supreme Court held the trial court erred in dismissing Villarreal's case. *Id.* at 632. In this case, the notice required a showing of good cause why the case should not be dismissed. Pursuant to the notice, this showing could be made at the hearing on the dismissal docket or in a motion filed no less than one week prior to the hearing. If the requisite showing was made by motion, no appearance was necessary.

Also, unlike *Villarreal*, Binner does not argue a due process violation. Numerous courts have determined that if the litigant participates in a hearing on a motion to reinstate, due process arguments are obviated. *See Manning v. North*, 82 S.W.3d 706, 715 (Tex.App.-Amarillo 2002, no pet.); *Tex. Sting, Ltd., v. R.B. Foods*, 82 S.W.3d 644, 649–50 (Tex.App.-San Antonio 2002, pet. denied); *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 403 (Tex.App.-Dallas 2001, pet. denied); *Montgomery Ward & Co. v. Denton County Appraisal Dist.*, 13 S.W.3d 828, 831 (Tex.App.-Fort Worth 2000, pet. denied); *Jimenez v. Transwestern Property Co.*, 999 S.W.2d 125, 129 (Tex.App.-Houston [14th Dist.] 1999, no pet.). But we need not reach this issue.

The only showing Binner has made is a showing of why she was not present at the dismissal docket. We agree she established that her failure to appear at the December 27, 2001, dismissal docket hearing was not intentional or the result of conscious indifference. This is not enough.

Binner failed to address the other reasons of which she had received notice of the intent to dismiss her suit, that is, failure to diligently prosecute her suit or failure to prosecute her suit within the time period required by Rule 165a(2). The notice was adequate to make her aware of the need to show the court "good cause" why her suit should not be dismissed for either of these reasons.

## CONCLUSION

Because the trial court could properly dismiss Binner's case for failure of diligent prosecution or for failure to comply with the Rule 165a(2) time standards, we do not find that the trial court abused its discretion in refusing to reinstate the case under Rule 165a(3). We overrule Binner's sole issue and affirm the trial court's order.