Mark Steward v. Colonial Casualty Insurance Company
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-00085-CV

     MARK STEWARD,
                                                                         Appellant
     v.

     COLONIAL CASUALTY 
     INSURANCE COMPANY,
                                                                         Appellee
 

From the 85th District Court
Brazos County, Texas
Trial Court # 46,826-85
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Mark Steward appeals from an order denying reinstatement of his suit against Colonial
Casualty Insurance Company after the court dismissed the suit for want of prosecution. 
Steward complains that the court abused its discretion by not reinstating the suit because (1) his
failure to file a motion to retain was not intentional or the result of conscious indifference, (2)
he had no notice of the court’s intent to dismiss the suit, and (3) the dismissal violated his right
to due process. 
 
BackgroundSteward filed suit on March 3, 1998, against Colonial Casualty Insurance Company
seeking reversal of an administrative decision in his workers’ compensation claim. The district
court sent notice to the parties on July 17, 2000, that the suit was subject to dismissal. The
notice states:
Pursuant to Rules of Civil Procedure 165a, 306A, and Local Rule 7, you are
hereby notified that cases will be dismissed for want of prosecution on August
31, 2000 unless good cause is shown in writing filed with the Clerk (no
appearance necessary) on or before said date why a case should not be
dismissed. A list of the cases may be obtained, for a nominal fee, by contacting
the District Clerk’s Office . . . .
On November 28, the trial court entered an order of dismissal for want of prosecution. 
Steward filed a motion to reinstate on December 27, alleging that he was unaware that the suit
was on the court’s dismissal docket. The trial court denied the reinstatement of Steward’s suit. 
Applicable Law
      A trial court’s power to dismiss a suit for want of prosecution originates from two
sources: (1) Texas Rule of Civil Procedure 165a and (2) the trial court’s inherent authority. 
Tex. R. Civ. P. 165a; Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.
1999); Binner v. Limestone County, 129 S.W.3d 710, 712 (Tex. App.—Waco 2004, pet.
filed). A trial court may dismiss a suit under Rule 165a when (1) a party fails to appear for a
trial or hearing or (2) when a suit is not disposed of within the time standards given by the
Supreme Court. Tex. R. Civ. P. 165a(1), (2); Binner, 129 S.W.3d at 712. Independent of the
rules of civil procedure, a trial court may also dismiss a suit under the inherent authority given
to it by common law. Villarreal, 994 S.W.2d at 630; Binner, 129 S.W.3d at 712. Failure to
provide adequate notice of the trial court's intent to dismiss for want of prosecution requires
reversal. Villarreal, 994 S.W.2d at 630.
      We review a dismissal for want of prosecution under an abuse-of-discretion standard. 
State v. Rotello, 671 S.W.2d 507, 509 (Tex. 1984); In re Marriage of Seals, 83 S.W.3d 870,
873 (Tex. App.—Texarkana 2002, no pet.). We employ the same standard in reviewing the
denial of a motion to reinstate. Franklin v. Sherman Indep. School Dist., 53 S.W.3d 398, 401
(Tex. App.—Dallas 2001, pet. denied). A trial court abuses its discretion when it acts
“without reference to any guiding rules or principles,” or, stated another way, when the trial
court acts in an arbitrary and unreasonable manner. City of San Benito v. Rio Grande Valley
Gas Co., 109 S.W.3d 750, 757 (Tex. 2003) (quoting Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 242 (Tex. 1985)).
Adequate Notice
      Steward complains in two issues that he did not receive notice of the trial court’s intention
to dismiss the suit and, because there was no notice, he was not consciously indifferent in
failing to file a motion to retain. The evidence is clear, however, that Steward did receive
some notice, but the issue is whether that notice was adequate to appraise him of the particular
authority the trial court used to dismiss the suit.
      The trial court cites Rule 165a in its notice as the rule under which it would dismiss a suit
for want of prosecution. By doing so, it informed Steward of two potential reasons a suit may
be dismissed under Rule 165a: (1) the failure to appear; or (2) the running of the time limits
established by the Supreme Court. Tex. R. Civ. P. 165a(1), (2). Because Steward did not fail
to appear for a trial or hearing, as provided in Rule 165a(1), the only other reason for
dismissal would be under Rule 165a(2). Rule 165a(2) gives the court authority to place a suit
on its dismissal docket when the suit is not disposed of within the time standards given by the
Supreme Court. Tex. R. Civ. P. 165a(2).
      The applicable time frame for non-family civil cases is (1) within eighteen months after
appearance date for jury trials or (2) within twelve months after appearance date for bench
trials. Tex. R. Jud. Admin. 6b, reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. F app.
(Vernon 2004). The appearance date for Steward’s suit was March 23, 1998. The notice for
dismissal was sent over two years later, well outside the applicable time frames referenced in
Rule 165a(2). We recently held that a dismissal notice containing no reference to Rule 165a or
the court’s inherent authority was sufficient to put the appellant on notice that the court could
dismiss under Rule 165a(1), Rule 165a(2), or its inherent authority. Binner, 129 S.W.3d at
712; see contra Johnson-Snodgrass v. KTAO, Inc., 75 S.W.3d 84, 89-90 (Tex. App.—Fort
Worth 2002, pet. dism’d); Lopez v. Harding, 68 S.W.3d 78, 80-81 (Tex. App.—Dallas 2001,
no pet.). Therefore, we find that the notice was adequate to appraise Steward that unless he
took further action, the trial court would be placing the suit on its dismissal docket pursuant to
Rule 165a(2).
Good CauseFinding Steward received adequate notice, we look to see whether he offers any other
argument as to why the court should have reinstated the suit. In doing so we note that Steward
argues the wrong standard for reinstatement on appeal. Steward argues that he received no
notice, and therefore his failure to file a motion to retain was not due to conscious indifference. 
Conscious indifference, the standard stated in Rule 165a(3), applies only to a dismissal for
failure to appear under Rule 165a(1). Binner, 129 S.W.3d at 712-13; In re Marriage of
Buster, 115 S.W.3d 141, 144 (Tex. App.—Texarkana 2003, no pet.); Manning v. North, 82
S.W.3d 706, 711 (Tex. App.—Amarillo 2002, no pet.). As stated above, Rule 165a(1) does
not apply in Steward’s case. To obtain reinstatement under Rule 165a(2), a plaintiff must
show good cause for the failure to prosecute the suit under the time standards promulgated by
the Supreme Court. See Franklin, 53 S.W.3d at 404.
      Steward argues only that he received no notice that his suit would be dismissed and offers
no other evidence to excuse his failure to prosecute the suit. Texas Sting, Ltd. v. R.B. Foods,
Inc., 82 S.W.3d 644, 649 (Tex. App.—San Antonio 2002, pet. denied). On the contrary,
Steward offered evidence at the reinstatement hearing that the suit should be reinstated because
the suit had already been tried at the administrative level, eliminating the need for discovery or
witness preparation. Upon hearing this evidence, the court stated there was no justification for
the suit to have remained inactive for over two years. Under these facts, the court did not
abuse its discretion by refusing to reinstate Steward’s suit. Binner, 129 S.W.3d at 714; Texas
Sting, 82 S.W.3d at 649. Steward’s first and second issues are overruled.
Due Process
      Steward also complains that, because he received no notice, he was denied due process. 
We have already determined that Steward received adequate notice. However, even assuming
he did not, his participation in the reinstatement hearing cures his due process concerns. See
Binner, 129 S.W.3d at 713; Manning, 82 S.W.3d at 715; Texas Sting, 82 S.W.3d at 649-50. 
Accordingly, Steward’s third issue is overruled.
 

Conclusion
       Having overruled all of Steward’s issues, we affirm the judgment.

 
FELIPE REYNA
                                                                   Justice
Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



Affirmed
Opinion delivered and filed June 2, 2004
[CV06]