**Order filed September 18, 2012**



In The

# Fourteenth Court of Appeals

_____

NO. 14-11-00756-CV
NO. 14-11-00757-CV
NO. 14-11-00759-CV
_____

**NATHANIEL JONES III, Appellant**

**V.**

**HOUSTON POLICE DEPARMENT, ET AL, Appellee**

**On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2010-50804, 2010-50601, and 2010-50603**

## ORDER

In each of these appeals, the trial court signed an order dismissing the case for want of prosecution. The clerk's records were filed. Appellant has filed a brief in each

appeal, claiming no notice was given of the trial court's intention to dismiss for want of prosecution.[1] *See* Tex. R. Civ. P. 165a.

Our review has determined that a relevant item has been omitted from each of the clerk's records. *See* Tex. R. App. P. 34.5(c). The records do not contain any notices of the trial court's intention to dismiss. *See* Tex. R. Civ. P. 165a.

The Harris County District Clerk is directed to file a supplemental clerk's record in each case on or before **September 28, 2012**, containing the notice of the trial court's intention to dismiss. *See* Tex. R. Civ. P. 165a.

In each case, if the omitted item is not part of the case file, the district clerk is directed to file a supplemental clerk's record containing a certified statement that the omitted item is not a part of the case file.

PER CURIAM

---

[1] "The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal." *Villarreal v. San Antonio Truck & Equipment*, 994 S.W.2d 628, 630 (Tex. 1999)