# NO. 12-18-00292-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *VELVIN OIL COMPANY, INC.,*<br>*APPELLANT* | § | *APPEAL FROM THE 123RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *R & S TRUCKING, A PARTNERSHIP,*<br>*ET AL,*<br>*APPELLEES* | § | *SHELBY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Velvin Oil Company, Inc. (Velvin) appeals from an order denying a motion to reinstate a suit to collect a debt following dismissal for want of prosecution.  In one issue, Velvin complains that the trial court abused its discretion in failing to reinstate its case.  We affirm.

## BACKGROUND

On April 20, 2012, Velvin sued R&S Trucking, a partnership of Tommy E. Eaves, Rebecca A. Eaves, and Steven E. Eaves, and its successor, R&S Trucking, LLC, for an unpaid debt for fuel oil.  Appellees denied the existence of a partnership and denied that they are individually liable for the debt alleged in Velvin's suit.  The trial court entered an interlocutory summary judgment against R&S Trucking, LLC on October 11, 2013.  The claims against Tommy, Rebecca, and Steven Eaves, and the alleged partnership were left unresolved.  On February 18, 2016, Velvin sought a non-jury trial setting in September or October.

On August 15, 2016, Velvin's trial counsel died.  Fourteen months later, on October 17, 2017, the trial court granted Velvin's motion to substitute new counsel.

The case remained on the non-jury docket until June 25, 2018, when the trial court served notice that the case had been placed on the dismissal docket set for July 27, 2018.  In its notice, the court stated that "[g]ood cause must be shown as to why each case should remain pending on

this [c]ourt's docket and not be dismissed for [w]ant of [p]rosecution." The notice further stated, "Motions to Retain must be filed in the District Clerk's office no later than 5 pm on Wednesday, July 11, 2018 and must be argued on July 27, 2018 at 9:00 a.m. in order to avoid dismissal."

Velvin filed its motion to retain on July 12, 2018, one day after the trial court's stated deadline for such motions. Appellees filed a response to Velvin's motion. On July 27, 2018, Velvin failed to appear at the hearing on its motion. The trial court denied Velvin's motion and dismissed for want of prosecution Velvin's claims against Tommy, Rebecca, and Steven Eaves, individually and as partners in any alleged partnership.

Velvin timely filed a motion for new trial (treated as a motion to reinstate) supported by its attorney's affidavit that counsel's failure to appear was not the result of conscious indifference, but instead was the result of accident or mistake. Velvin's motion failed to show good cause why the case should remain on the docket and the trial court denied Velvin's motion on September 28, 2018. This proceeding followed.

### FAILURE TO REINSTATE

In its sole issue, Velvin contends that the trial court abuse its discretion by denying its motion for new trial.

### Standard of Review

An order denying a motion to reinstate is reviewed for abuse of discretion. *See Smith v. Babcock & Wilcox Constr. Co., Inc.*, 913 S.W.2d 467, 468 (Tex. 1995). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003).

### Applicable Law

The trial court's authority to dismiss for want of prosecution derives from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power to control its docket. *Villareal v. San Antonio Truck & Equipment*, 994 S.W.2d 628, 630 (Tex. 1999). A trial court may dismiss under Rule 165a for "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice" or when a case is "not disposed of within time standards promulgated by the Supreme Court[.]" TEX. R. CIV. P. 165a(1)-(2). "In addition, the common law vests the court with the inherent power to dismiss independently of the rules of civil procedure when a plaintiff fails to prosecute his or her case with due diligence." *Villareal*,

994 S.W.2d at 630. The trial court must give the plaintiff notice and the opportunity to be heard by the court before the court may dismiss a case for want of prosecution under either Rule 165a or its inherent authority. *Id*.; *see also **Gutierrez v. Lone Star Nat'l Bank***, 960 S.W.2d 211, 214 (Tex. App.—Corpus Christi 1997, pet. denied) (requiring notice for dismissals under Rule 165a); *see also **Callahan v. Staples***, 139 Tex. 8, 161 S.W.2d 489, 491-92 (1942) (requiring notice for dismissals under court's inherent power). Adequate notice must be given of the ground believed to warrant dismissal, i.e., (1) failure to make an appearance under Rule 165a(1), and (2) failure to litigate the case with due diligence. *Villareal*, 994 S.W.2d at 631. A trial court abuses its discretion if it gives notice of an intent to dismiss for one reason but then dismisses for another. *See **Hosey v. Cty. of Victoria***, 832 S.W.2d 701, 705 (Tex. App.—Corpus Christi 1992, no writ). The failure to provide notice of the trial court's intent to dismiss for want of prosecution requires reversal. *Villareal*, 994 S.W.2d at 630. Mere notice of a dismissal setting pursuant to Rule 165a(1) will not warrant dismissal under the court's inherent power to dismiss for failure to litigate the case with due diligence. *Id*. at 630-33.

Where notice only invokes the power of the trial court to dismiss under Rule 165a(1) for failure to appear at any hearing or trial of which the party had notice, reinstatement is mandatory if, after hearing, the court finds "that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained. TEX. R. CIV. P. 165a(3). Rule 165a(3)'s reinstatement standard applies only to dismissals for failure to appear. ***Binner v. Limestone Cty***., 129 S.W.3d 710, 712 (Tex, App.—Waco 2004, pet. denied). Upon adequate notice requiring a showing of good cause to avoid dismissal, the trial court may proceed to consider dismissal under its inherent power to dismiss for want of prosecution. *See **id***. at 713-14; see also Villareal, 994 S.W.2d at 630. Factors a trial court may consider when deciding whether to dismiss under its inherent power include the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. ***King v. Holland***, 884 S.W.2d 231, 237 (Tex. App.—Corpus Christi 1994, writ denied); ***Tex. Mut. Ins. v. Olivas***, 323 S.W.3d 266, 274 (Tex. App.—El Paso 2010, no pet.). The trial court's decision will be reviewed to determine whether the complaining party demonstrated good cause for not prosecuting the case with greater diligence. *Olivas*, 323 S.W.3d at 274; *see **Callahan***, 161 S.W.2d at 491. If the order

3

of dismissal does not specify the grounds for dismissal, we will affirm if any proper ground supports the dismissal. *See Olivas*, 323 S.W.3d at 274.

**Discussion**

The trial court's Notice of Dismissal Docket reads as follows:

> Cases on the attached docket have been pending in this Court longer than 18 months and therefore have been set for **a status hearing on July 27, 2018 at 9:00 a.m.**
>
> Good cause must be show [sic] as to why each case should remain pending on this Court's docket and not be dismissed for Want of Prosecution.
>
> Motions to Retain must be filed in the District Clerk's office no later that 5 pm on Wednesday, July 11, 2018 and must be argued on July 27, 2018 at 9:00 a.m. in order to avoid dismissal.

Velvin filed its motion to retain one day late and failed to appear at the hearing on its motion.

On appeal, Velvin argues that the trial court erred in failing to reinstate its case, because it showed that its failure to appear at the July 27, 2018, hearing was not intentional or the result of conscious indifference. This is sufficient to satisfy Rule 165a(3)'s reinstatement standard for cases dismissed for failure to appear. However, the Rule 165a(3) reinstatement standard applies only to cases dismissed for failure to appear under Rule 165a(1). *Binner*, 129 S.W.3d at 712. This standard does not apply to dismissals under the court's inherent power to dismiss for want of prosecution. *See id*. at 173. Nor does it apply to cases dismissed under Rule 165a(2) for failure to prosecute the case within the time standards set by the Supreme Court. *See id*.

The trial court's Notice of Dismissal Docket was adequate to inform Velvin that it must show good cause why the case should not be dismissed for failure to diligently prosecute its suit or failure to prosecute its suit within the Supreme Court's time standards. Velvin failed to show good cause why its suit should not be dismissed on either of these grounds.

This case was on file for over six years. Rule 6 of the Rules of Judicial Administration provides that civil jury cases should be brought to trial or final disposition within eighteen months after the appearance date and civil non-jury cases within twelve months after the appearance date. TEX. R. JUD. ADMIN. 6.1(a). Velvin's counsel died during the pendency of the suit. A long period of inactivity preceded counsel's death. A year passed after his death before Velvin retained another attorney. Over seven more months passed before the court dismissed the case.

The trial court had authority under Rule 165a(2) and under its inherent authority to dismiss the case. *See Villareal*, 994 S.W.2d at 630. The trial court did not abuse its discretion in denying

4

Velvin's motion for new trial seeking reinstatement of the case. *See **Smith***, 913 S.W.2d at 468. Velvin's sole issue is overruled.


## DISPOSITION

The judgment of the trial court is ***affirmed***.


**BILL BASS**
Justice


Opinion delivered April 10, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*


(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 10, 2019**

**NO. 12-18-00292-CV**

**VELVIN OIL COMPANY, INC.,**
Appellant
V.
**R & S TRUCKING, A PARTNERSHIP, ET AL,**
Appellees

Appeal from the 123rd District Court
of Shelby County, Texas (Tr.Ct.No. 12CV31,990)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **VELVIN OIL COMPANY, INC.,** for which execution may issue, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*