

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00400-CV

———————————————

JOSE L. MONDRAGON AND ELVIRA BECERRA-JUAREZ, Appellants

V.

JOHN M. COLLINS AND CK LONE STAR INVESTMENTS, A TEXAS SERIES
LIMITED LIABILITY COMPANY, Appellees

---

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 20-1552-431

---

Before Sudderth, C.J.; Birdwell and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Jose L. Mondragon and Elvira Becerra-Juarez appeal from the trial court's refusal to grant a motion to reinstate their suit that was dismissed for want of prosecution. We affirm.

## Background

In April 2011, appellants allegedly entered into a real-property executory contract with appellee CK Lone Star Investments, LLC. According to appellants, they moved in before the contract closed and then found out that the property had been sold to a third party, who gave them notice to vacate and then obtained a forcible-detainer judgment against them. In February 2020, appellants sued CK Lone Star and its principal, John M. Collins; their September 2020 amended petition included claims for breach of contract, unjust enrichment, common-law fraud, and fraudulent misrepresentation, and also alleged that Collins was vicariously liable for CK Lone Star under a veil-piercing theory. CK Lone Star and Collins answered in October 2020, and both alleged that appellants' suit was barred by limitations.[1]

---

[1] At the reinstatement hearing, appellants' counsel explained that appellants had sued on this contract previously, settled with a different defendant, and then nonsuited the case until they could raise the funds needed to file this suit against appellees.

After appellees answered, appellants did not engage in any activity in the case for over ten months.[2] On August 9, 2021, the trial court sent the following letter[3] to all retained attorneys, stating that the case was set on the court's September 17, 2021 3:00 p.m. dismissal docket:

THIS SETTING IS BEING MADE PURSUANT TO TIME STANDARDS FOR DISPOSITION OF CASES BY THE TEXAS SUPREME COURT AND THE DENTON COUNTY COURT RULES FOR DISTRICT COURTS

**THERE WILL BE NO CONTINUANCES OF THIS DISMISSAL SETTING!!!**

The above-referenced cause has been set on the Court's docket for dismissal on **September 17, 2021, at 3:00 PM,** at which time this cause will be **DISMISSED UNLESS**:

1) Any party seeking affirmative relief has effectuated **service of process** upon the opposing party(s).

**AND**

2) The attorneys and/or pro se parties **present an agreed** *"Scheduling Order and Discovery Control Plan"* for entry by the Court, ***and:***

    a. they ***must*** contact the Court Administrator no later than 10 days prior to the dismissal setting to request a trial date and a pre-trial date (if applicable) . . . ;

---

[2]At the reinstatement hearing, appellants' counsel told the trial court that no discovery was needed and that appellants could be ready to try the case in thirty days.

[3]Dismissals pursuant to this letter have been the subject of other appeals to this court. *See Brown v. Sanders*, No. 02-21-00212-CV, 2022 WL 2071782, at \*2 (Tex. App.—Fort Worth June 9, 2022, no pet.) (mem. op.); *In re Stanton*, No. 02-21-00224-CV, 2022 WL 714584, at \*4, \*7 (Tex. App.—Fort Worth Mar. 10, 2022, no pet.) (mem. op.).

b. the Order *must* contain completed deadlines and discovery limitations as indicated;

c. the Order *must* **INCLUDE THE CLIENT'S SIGNATURE** if represented by counsel; and

d. the Order *must* be submitted no later than 7 days prior to the dismissal setting.

**OR**

3) The attorneys and/or pro se parties **must appear** at the dismissal setting **and present a proposed *"Scheduling Order and Discovery Control Plan"*** compliant with 2a.-c. above. At that time, the Court will hear any objections of any other attorney and/or pro se party to the proposed Order.

The Court will only accept the *"Scheduling Order and Discovery Control Plan"* posted on the Court's website: http://dentoncounty.gov/dept/43lst-Forms/Scheduling-Order-and - Discovery-Control-Plan.pdf.

There will be *NO CONTINUANCES* of this dismissal setting!!!

Appellants' counsel did not appear at the hearing, and the trial court dismissed the case for want of prosecution. Although the trial court's order notes that appellants failed to appear and "failed to timely enter a completed Scheduling Order as instructed," the order also states that appellants' "counsel failed to offer good cause why he had not complied fully with the Court's Notice of Dismissal Setting."

Appellants filed a verified motion to reinstate, asking the trial court to "reinstate the case on its docket, under the authority of Texas Rule of Civil Procedure 165a." Counsel addressed solely his failure to attend the hearing, arguing that he was

4

mistaken in believing he did not need to appear because in the days leading up to the dismissal hearing date, the parties had agreed to a nonjury trial setting, the court coordinator had set the nonjury trial date, and he had procured a partially signed scheduling order. Counsel also professed to be mistaken about the need to appear because of the way other courts have operated during the COVID-19 pandemic.

After a nonevidentiary hearing, the trial court denied the motion to reinstate and entered findings of fact and conclusions of law. In the Preamble section of the order, the trial court stated that "the case had previously been dismissed on September 17, 2021, for want of prosecution under Texas Rule of Civil Procedure 165a and also under the court's common law inherent authority to dismiss a case when plaintiffs fail to prosecute their case with due diligence." The trial court's findings of fact and conclusions of law address both the reasonableness of counsel's failure to appear at the dismissal hearing[4] and the case's history, i.e., the length of time it had been pending on the trial court's docket, the lack of activity in the case, and the reason for the case's placement on the dismissal docket.[5] The trial court concluded,

---

[4]The trial court found that before the dismissal hearing, the coordinator had reminded "all counsel" by email that any party seeking affirmative relief was required to "be present at" the dismissal hearing. The trial court also found that counsel's "subjective belief" that he did not need to appear was not reasonable and therefore "intentional and/or the result of conscious indifference."

[5]At the conclusion of the reinstatement hearing, the trial court also cited "the history" of the case in announcing its decision that appellants had not shown good cause to retain the case on the court's docket.

"At the Dismissal Hearing, no good cause was presented to retain the case on the docket as is required by Texas Rule of Civil Procedure 165a and the Court was thus required to and did dismiss the lawsuit."

In this appeal, appellants raise six issues, all challenging whether the trial court abused its discretion by denying their motion to reinstate. Because all of appellants' issues relate to the ultimate propriety of the trial court's denial of their reinstatement motion, we do not address them individually.

**Applicable Law**

The trial court's authority to dismiss a suit for want of prosecution arises from the court's inherent authority to control its own docket and Texas Rule of Civil Procedure 165a. Tex. R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). A trial court may dismiss a suit under Rule 165a (1) if a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice or (2) when the case is "not disposed of within time standards promulgated by the Supreme Court." Tex. R. Civ. P. 165a(1)–(2). Each of these three dismissal grounds—Rule 165a(1)–(2) and inherent authority—provides an independent basis on which a trial court may dismiss a case for want of prosecution. *Brown v. Sanders*, No. 02-21-00212-CV, 2022 WL 2071782, at *2 (Tex. App.—Fort Worth June 9, 2022, no pet.) (mem. op.).

We have held that the same trial court notice used in this case adequately informs the parties of the trial court's intent to dismiss under all three grounds and

6

that when a dismissal order pursuant to this notice does not expressly state the particular dismissal ground, a party challenging the denial of reinstatement must "address and negate all three possible independent dismissal grounds in the[] reinstatement motion and on appeal." *Id.* at *3.

### Reinstatement Denial Proper

The dismissal order here did not specify the particular grounds on which it was based, and the trial court's findings of fact and conclusions of law indicate that it dismissed the suit under both Rule 165a and its inherent authority. Thus, appellants were required to address and negate all three in their reinstatement motion and on appeal. *See id.* They did neither. In both their reinstatement motion and their appellate brief, appellants challenged only whether dismissal was proper under Rule 165a(1) for failure to appear at the dismissal hearing. Because appellants failed to challenge all independent grounds upon which the trial court's order denying their reinstatement motion was based,[6] they have not shown reversible error. *See id.* at *4; *Self v. King*, No.

---

[6]Although it is clear from the record that appellants had not failed to comply with the Texas Supreme Court's time standards for disposition of cases—because the suit had not yet been pending for twelve months after appellees' *appearance* dates— appellants nevertheless failed to address the case's "history," as well as other factors relevant to whether a trial court may dismiss under its inherent authority. *See* Tex. R. Jud. Admin. 6.1(a)(2), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app.; *In re Seidler Oil & Gas Dev., LLC*, No. 12-22-00009-CV, 2022 WL 1038102, at *2 (Tex. App.—Tyler Apr. 6, 2022, orig. proceeding) (mem. op.) ("To determine whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for the delay.").

05-11-01296-CV, 2013 WL 3353327, at *3 (Tex. App.—Dallas June 28, 2013, pet. denied) (mem. op.). We therefore overrule their six issues and affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: August 11, 2022