

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00066-CV

IN THE MATTER OF THE MARRIAGE OF JAMES EARVIN SANDERS
AND TRISHA ANN SANDERS AND IN THE INTEREST OF D.N.S.

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 20-5707-462, Honorable Derbha H. Jones, Presiding

June 16, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, James Earvin Sanders, proceeding pro se, appeals from the trial court's *Order of Dismissal for Want of Prosecution* in his suit for divorce from Appellee, Trisha Ann Sanders. By his brief, he presents three issues simply stating "irreconcilable differences," "inability to participate in marriage counseling," and "irreparable damage done to the father-son relationship."[1] Trisha did not file a brief in response. For the reasons expressed herein, we affirm.

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001.

## BACKGROUND

James is serving a life sentence in the Texas Department of Criminal Justice. He filed a suit for divorce in July 2020, alleging the parties married in 1994 and ceased living together in 2006. They have two sons but only one is a minor who will be eighteen in August 2023. Trisha responded by letter that she was not contesting the divorce and wished to finalize it as soon as possible. She requested that she be appointed sole managing conservator of their minor son.

On September 26, 2022, a *Notice of Dismissal Setting* was sent to both parties advising them a hearing date was set for November 18, 2022, at 2:30 p.m. The notice informed them of specific guidelines which required compliance to avoid dismissal and that "No Continuances" would be granted. By letter dated October 9, 2022, James responded to the notice complaining Trisha was impeding visitation with his minor son. He did not, however, comply with the directives in the notice of dismissal, including a request for a trial setting.[2]

Neither party appeared for the November 18 hearing. That same date, the trial court signed its order of dismissal for want of prosecution. The district clerk notified the parties that the order of dismissal had been signed. James pursued this appeal.[3]

---

Should a conflict exist between precedent of the Second Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[2] Although an inmate does not have an absolute right to personally appear in court, he cannot be denied the right to present argument and evidence in court. *Robinson v. Texas Dep't of Criminal Justice*, No. 07-98-00272-CV, 1999 Tex. App. LEXIS 1518, at *8 (Tex. App.—Amarillo March 4, 1999, no pet.) (mem. op).

[3] No record was taken in the underlying case.

2

## APPLICABLE LAW

An appellate court reviews a trial court's decision to dismiss a case for want of prosecution for abuse of discretion. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Additionally, Rule 165a(2) of the Texas Rules of Civil Procedure allows a trial court to dismiss a case for want of prosecution when a case is not disposed of within the time standards promulgated by the Texas Supreme Court. *See* TEX. R. CIV. P. 165a(2). *See also* TEX. R. JUD. ADMIN. 6.1(b) (providing disposition deadlines in family law cases). A trial court is vested with an additional basis for dismissing a case for want of prosecution—the inherent power to manage its docket if a case is not prosecuted with due diligence. *Villarreal*, 994 S.W.2d at 630.

## ANALYSIS

After James filed his original brief, he was advised by the Clerk of this Court that certain deficiencies required correction, including the failure to cite to legal authorities. He was admonished that failure to comply with briefing rules could result in possible waiver of his arguments. James did file a corrected brief; however, it remained deficient in certain aspects, including the failure to cite to any legal authorities in support of his arguments. *See* TEX. R. APP. P. 38.1(i); *Sunnyside Feedyard v. Metro. Life Ins. Co.*, 106 S.W.3d 169, 173 (Tex. App.—Amarillo 2003, no pet.). While this Court is not unsympathetic to the plight of an incarcerated person prosecuting a divorce, it does not exempt him from complying with all applicable rules of procedure. *See Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 705–06 (Tex. 2021); *Mansfield State Bank v. Cohn*,

3

573 S.W.2d 181, 184–85 (Tex. 1978). Consequently, his issues are not preserved for review.

Assuming, arguendo, that James had adequately preserved his issues, the record before us does not demonstrate an abuse of discretion by the trial court in dismissing the suit for divorce for want of prosecution. James requests that his divorce be granted on appeal, relief this Court has no authority to provide.

## CONCLUSION

The trial court's *Order of Dismissal for Want of Prosecution* is affirmed.


Alex L. Yarbrough
Justice

4