# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00784-CV

**Dorsey L. Smith, Appellant**

**v.**

**City of Blanco, Appellee**

### FROM THE DISTRICT COURT OF BLANCO COUNTY, 424TH JUDICIAL DISTRICT
### NO. CV06635, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Dorsey L. Smith appeals the district court's order granting the City of Blanco's (the "City") plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008). The City asserted that Smith's claims for declaratory judgment, breach of contract, and nuisance are barred by governmental immunity. On appeal, Smith argues that the district court erred in granting the City's plea to the jurisdiction and dismissing his claims with prejudice; he seeks reversal of the district court's order and rendition of judgment in his favor or, in the alternative, a remand with leave to amend his petition. We will affirm the district court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

Smith owns approximately 219 acres of land near the City of Blanco. Smith alleged that in 1964 or early 1965 he entered into an oral contract with the City. In exchange for allowing the City to inundate part of his land to use as a reservoir, the City agreed to build and maintain a

crossing over the Blanco River to provide Smith access to his property. According to Smith, the City was to maintain the crossing for as long as the City used part of his land as a reservoir. The reservoir was created and the crossing was built, pursuant to the agreement.

In 1974, flooding damaged the river crossing. Smith sued the City and in 1976 obtained a judgment declaring the existence of a contract and requiring the City to maintain the crossing as long as it continued to use Smith's land as a reservoir. In 1977, the district court cited the City for contempt of court for not repairing the crossing quickly enough. The City then repaired the crossing.

In 2004, flooding again damaged the river crossing. According to Smith, he alerted the City to the problem, and the City acknowledged that part of the crossing was damaged. The City repaired a nearby section of the river crossing but failed to repair the section on Smith's property, which subsequently caused erosion of his land. Smith complains that the road is unsafe and restricts access to and from his property.

In his original petition, Smith brought a contempt suit against the City and its mayor, Jim Rodrigue,[1] in an effort to enforce the 1976 judgment. Smith's contempt petition was followed by three subsequent amended petitions, the last of which alleged three causes of action. First, Smith sought a declaratory judgment to ratify the 1976 judgment so that "the City of Blanco cannot or is 'estopped' to deny the contract in this new lawsuit for an additional breach of contract." Second, he asserted a breach-of-contract action against the City, requesting damages and injunctive relief.

---

[1] The district court dismissed without prejudice Smith's claims against Mr. Rodrigue, and he is not a party to this appeal.

2

Third, he asserted a nuisance action against the City for its failure to maintain the river crossing in a safe and usable condition.

The City filed an answer to Smith's original petition along with a plea to the jurisdiction asserting governmental immunity. The City subsequently filed two more supplemental pleas to the jurisdiction in response to Smith's amended petitions.

After a hearing, the district court granted the City's original and supplemental pleas to the jurisdiction and dismissed Smith's claims with prejudice. Smith perfected this appeal.

## STANDARD OF REVIEW

Governmental immunity consists of immunity from liability and immunity from suit. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). A governmental entity that enters into a contract may waive its immunity from liability, but retains its immunity from suit unless specifically waived by the legislature. *Id.* Governmental immunity deprives the trial court of subject-matter jurisdiction in cases where instrumentalities of the state have been sued, absent waiver of immunity by the state. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). A plea to the jurisdiction is a proper instrument to raise the issue of governmental immunity. *Id.* at 226. Whether a court has subject-matter jurisdiction is a question of law, and we review the trial court's grant of a plea to the jurisdiction de novo. *Id.* When reviewing a grant or denial of a plea to the jurisdiction, we consider the plaintiff's pleadings, construed in favor of the plaintiff, and any evidence relevant to jurisdiction without weighing the merits of the claim. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

In a challenge solely to the pleadings, we decide if the plaintiff has alleged sufficient jurisdictional facts to show the trial court's subject-matter jurisdiction, using a liberal construction in favor of the plaintiff. *Miranda*, 133 S.W.3d at 226. If the plaintiff's pleadings "affirmatively negate the existence of jurisdiction," then a plea to the jurisdiction may be granted without affording the plaintiff an opportunity to amend his pleadings. *Id.* at 226-27. If, however, the pleadings do not "demonstrate incurable defects in jurisdiction," but merely fail to allege sufficient facts to affirmatively show a waiver of governmental immunity, then the plaintiff should have an opportunity to amend. *Id.* To affirmatively demonstrate the trial court's jurisdiction, the plaintiff must allege a valid waiver of immunity, which may be either a reference to a statute or to evidence of express legislative permission. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999); *see Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) (plaintiff must allege valid waiver of sovereign immunity to establish jurisdiction).

## DISCUSSION

In his first issue, Smith contends that the trial court erred in granting the City's plea to the jurisdiction. The district court granted the City's plea after considering the pleadings and arguments of the parties only, without the introduction of jurisdictional evidence. We review the trial court's determination de novo. *Miranda*, 133 S.W.3d at 226. Because Smith has the burden to invoke the jurisdiction of the court by showing in his pleadings that governmental immunity is waived, we look to his live petition, construing it liberally and looking to his intent. *Id.* We will address each of Smith's causes of action in turn.

4

***Declaratory Judgment***

In his petition, Smith sought a declaratory judgment that the "1976 judgment of the Court in Cause No. 2880 . . . is *res judicata*, and the City of Blanco cannot or is 'estopped' to deny the contract in this new lawsuit for an additional breach of contract." A party seeking declaratory relief against a governmental unit to establish the validity of a contract or to enforce a contract is bringing a suit against the state and must have legislative permission to maintain that suit. *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). A litigant may not merely change the form of his or her cause of action from a breach of contract to declaratory relief to sidestep governmental immunity. *Id.*

Smith's claim is predicated on breach of contract, despite being cast as a request for declaratory relief. *See Texas Parks & Wildlife Dep't v. Callaway*, 971 S.W.2d 145, 152 (Tex. 1998). In essence, Smith is asking the trial court to declare that a contract between him and the City exists, for the purpose of enforcing a breach of that contract. For the trial court to have subject-matter jurisdiction to hear the claim for declaratory relief, Smith must establish a waiver of governmental immunity in this case. *Miranda*, 133 S.W.3d at 226; *Callaway*, 971 S.W.2d at 152.

Because Smith's request for declaratory relief is intertwined with his breach-of-contract claim, we must analyze whether any waiver of immunity applies to his claim for breach of contract.

***Breach of Contract***

In his third amended petition, Smith asserted that the City waived its governmental immunity because its construction and maintenance of the river crossing and reservoir are proprietary

functions, not governmental functions. The proprietary/governmental function distinction is relevant to waiver of governmental immunity in the context of *tort* claims, but has not been extended to breach-of-*contract* claims. *See Tooke*, 197 S.W.3d at 343. A municipality cannot invoke governmental immunity to protect itself from torts committed while performing proprietary functions, as it can for governmental functions. *Id.* In this case, we need not decide whether to extend the proprietary/governmental distinction to breach-of-contract cases because the City's actions fall within its governmental functions as defined by statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a)(2) (health and sanitation services); (4) (bridge construction and maintenance and street maintenance); (11) (waterworks); (32) (water and sewer service) (West 2005).

The parties do not dispute that section 271.152 of the Texas Local Government Code, which waives governmental immunity from suit for certain written contracts to provide goods or services to municipalities, does not apply in this case. *See* Tex. Loc. Gov't. Code Ann. § 271.152 (West 2005). Smith presents no other applicable statute or evidence of legislative permission. *See Jones*, 8 S.W.3d at 637.

In his brief, Smith urges us to hold that the City waived its immunity by conduct. We decline the invitation. Assuming Smith's allegations as pleaded are true, we can sympathize with his predicament, but we do not think that the City's conduct is egregious enough to require equitable waiver of immunity by conduct as discussed below.

Governmental units do not waive their immunity from suit simply by contracting with a private party. *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 408 (Tex. 1997). The supreme

court's decision in *Federal Sign*, however, appeared to leave open the possibility that a governmental unit could waive its immunity from suit, absent legislative action, by conduct that amounted to something more than merely contracting with a private party. *Id*. at 408 n.1. Justice Baker, writing for a plurality of the supreme court in *IT-Davy*, seemed to foreclose the option altogether; however, five justices, writing in concurrence and dissent, suggested that there may be equitable circumstances that would justify it. *See, e.g.*, 74 S.W.3d at 862 (Hecht, J., concurring) ("I cannot absolutely foreclose the possibility that the State may waive immunity in some circumstances other than by statute.").

While there is no supreme court decision approving of a specific waiver by conduct, at least one recent case from the First Court of Appeals provides guidance. *See Texas S. Univ. v. State St. Bank & Trust Co.*, 212 S.W.3d 893 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). In that case, Texas Southern University contracted with CMS Viron to lease heavy equipment to the University. *Id.* at 897. Attached to the Master Lease Agreement was an opinion letter from TSU's general counsel giving assurances to CMS that the contract was binding against the University and that CMS would be able to collect on a judgment against TSU, should the need arise. *Id.* at 898. After CMS delivered the equipment, TSU refused to honor its agreement, citing sovereign immunity. *Id.* The court held that TSU waived immunity by its conduct. *Id.* at 908. The court focused primarily on the fact that TSU gave false assurances of the validity and enforcability of the contract to "lure" CMS into the contract, then reneged on its agreement, and tried to hide behind the cloak of immunity. *Id.*

7

In the present case, we have no such egregious conduct by the City. Smith does not allege that the City lured him into the deal with representations that the City would not be immune from suit should the need arise to sue. He does not contend that the City did anything other than what one would expect of any ordinary contracting party. While Smith may have been under the impression that the City would not be immune from suit, he does not allege that the City did anything to plant or foster the mistaken belief. Smith does not allege that the City provided him with a legal opinion on which to rely, nor does Smith claim that the City made any representations to him concerning immunity at all. Smith's potential misunderstanding of the law is not enough to justify an equitable waiver of immunity against the City. Likewise, Smith's reliance on the City's promise to build and maintain a river crossing is not sufficient. The existence of mutual promises is a necessary element of most contracts, and the supreme court has held that merely contracting with a private party, without more, is not enough to waive governmental immunity by conduct. *See Fed. Sign*, 951 S.W.2d 408. Nor is it even enough that the City accepted the benefits of the contract. *See Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *IT-Davy*, 74 S.W.3d at 860.

### Nuisance

In general, the City is protected by governmental immunity from common-law nuisance claims for its governmental functions, absent an express waiver by the legislature. *City of Dallas v. Jennings*, 143 S.W.3d 310, 315 (Tex. 2004). However, the City is not immune from suit if the nuisance conduct rises to the level of a taking "for or applied to public use" under the Texas Constitution. *See* Tex. Const. art. I, § 17; *Jennings*, 143 S.W.3d at 315. The Texas Constitution

8

itself functions to create the express waiver for takings claims. *Jennings*, 143 S.W.3d at 315-16. The Texas Tort Claims Act may also waive immunity in certain nuisance cases. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2005).

Smith did not plead a basis for waiving governmental immunity as to his nuisance claim, nor did he plead jurisdictional facts that would establish a waiver. He therefore failed to affirmatively demonstrate the trial court's subject-matter jurisdiction. *Jones*, 8 S.W.3d at 637. Furthermore, Smith's claim for nuisance is not centered on the flooding of his land without compensation—which, if pleaded properly, could arguably be interpreted as an unconstitutional taking—but rather that the river crossing built by the City is in a poor state of repair and constitutes a hazard to travelers, which is not a nuisance for which governmental immunity is waived. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a)(4) (bridge construction and maintenance and street maintenance are governmental functions).

Because Smith's pleadings do not demonstrate that the trial court has subject-matter jurisdiction over any of his causes of action, we overrule Smith's first issue.

***Opportunity to Amend***

In his second issue, Smith requests that we grant him leave to amend his pleadings in an attempt to invoke the trial court's subject-matter jurisdiction. This issue turns not on whether Smith's pleadings affirmatively *demonstrate* the trial court's jurisdiction, but whether his pleadings affirmatively *negate* jurisdiction. If his pleadings do not affirmatively negate jurisdiction, then we must grant him leave to amend. *Miranda*, 133 S.W.3d at 227.

9

As an initial matter, Smith complains that the trial court failed to rule on the City's special exceptions before granting the City's plea to the jurisdiction, thus depriving Smith of an opportunity to amend his pleadings. Smith also asserts that a government defendant must attack the pleadings by special exception before seeking to have a suit dismissed for want of prosecution.

Smith's first contention ignores the procedural history of the case. By the time of the hearing on the City's special exceptions, Smith had already amended his petition three times, adding and subtracting claims and refining his facts with each petition. Smith had ample opportunity to amend his pleadings, demonstrated by the fact that he did so three times.

Smith's second contention may be correct in cases of dismissal for want of prosecution, but that rule does not extend to this case. A dismissal for want of prosecution is not the same as a grant of a plea to the jurisdiction. A plea to the jurisdiction raises a fundamental question about the authority of the trial court to hear the case in the first place, *see Miranda*, 133 S.W.3d at 226-27, whereas a dismissal for want of prosecution does not implicate the jurisdiction of the trial court at all, but rather is used to dismiss a case when a party seeking affirmative relief did not meet deadlines or failed to prosecute a case with due diligence. *See* Tex. R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex. 1999). If Smith's complaint is that his pleadings were not fully developed because he was waiting for a ruling on the City's special exceptions, then he could have supplemented his pleadings by presenting other jurisdictional evidence at the hearing on the City's plea to the jurisdiction and submitted the record of that hearing for our review.

10

Amendment is proper only if Smith's petition does not affirmatively negate the existence of jurisdiction. If it does not, we should allow him an opportunity to amend. *Miranda*, 133 S.W.3d at 227. For the reasons discussed above, we hold that Smith's petition, as amended, affirmatively negates the existence of subject-matter jurisdiction.

Smith asks for the opportunity to amend not to plead additional jurisdictional facts that would cure his pleading defects, but rather to assert additional causes of action for which governmental immunity might be waived. However, since Smith's pleadings affirmatively negate subject-matter jurisdiction for the causes of action he pleaded, he is not entitled to the opportunity to amend. *See Koseoglu*, 233 S.W.3d at 840 (holding that it was error for court of appeals to allow plaintiff to amend his petition to assert new causes of action for which immunity may have been waived when his pleadings affirmatively negated subject-matter jurisdiction for claim he did plead). Because he is not entitled to an opportunity to amend, we overrule Smith's second issue.

## CONCLUSION

We affirm the order of the trial court granting the City's plea to the jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:  October 8, 2009

11