TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00784-CV






Dorsey L. Smith, Appellant


v.


City of Blanco, Appellee






FROM THE DISTRICT COURT OF BLANCO COUNTY, 424TH JUDICIAL DISTRICT

NO. CV06635, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Dorsey L. Smith appeals the district court's order granting the City of
Blanco's (the "City") plea to the jurisdiction. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8)
(West 2008). The City asserted that Smith's claims for declaratory judgment, breach of contract, and
nuisance are barred by governmental immunity. On appeal, Smith argues that the district court erred
in granting the City's plea to the jurisdiction and dismissing his claims with prejudice; he seeks
reversal of the district court's order and rendition of judgment in his favor or, in the alternative, a
remand with leave to amend his petition. We will affirm the district court's order.


FACTUAL AND PROCEDURAL BACKGROUND

 Smith owns approximately 219 acres of land near the City of Blanco. Smith alleged
that in 1964 or early 1965 he entered into an oral contract with the City. In exchange for allowing
the City to inundate part of his land to use as a reservoir, the City agreed to build and maintain a
crossing over the Blanco River to provide Smith access to his property. According to Smith, the City
was to maintain the crossing for as long as the City used part of his land as a reservoir. The reservoir
was created and the crossing was built, pursuant to the agreement.

 In 1974, flooding damaged the river crossing. Smith sued the City and in 1976
obtained a judgment declaring the existence of a contract and requiring the City to maintain the
crossing as long as it continued to use Smith's land as a reservoir. In 1977, the district court cited
the City for contempt of court for not repairing the crossing quickly enough. The City then repaired
the crossing.

 In 2004, flooding again damaged the river crossing. According to Smith, he alerted
the City to the problem, and the City acknowledged that part of the crossing was damaged. The City 
repaired a nearby section of the river crossing but failed to repair the section on Smith's property,
which subsequently caused erosion of his land. Smith complains that the road is unsafe and restricts
access to and from his property.

 In his original petition, Smith brought a contempt suit against the City and its mayor,
Jim Rodrigue, (1) in an effort to enforce the 1976 judgment. Smith's contempt petition was followed
by three subsequent amended petitions, the last of which alleged three causes of action. First, Smith
sought a declaratory judgment to ratify the 1976 judgment so that "the City of Blanco cannot or is
'estopped' to deny the contract in this new lawsuit for an additional breach of contract." Second,
he asserted a breach-of-contract action against the City, requesting damages and injunctive relief. 
Third, he asserted a nuisance action against the City for its failure to maintain the river crossing in
a safe and usable condition.

 The City filed an answer to Smith's original petition along with a plea to the
jurisdiction asserting governmental immunity. The City subsequently filed two more supplemental
pleas to the jurisdiction in response to Smith's amended petitions.

 After a hearing, the district court granted the City's original and supplemental pleas
to the jurisdiction and dismissed Smith's claims with prejudice. Smith perfected this appeal.


STANDARD OF REVIEW

 Governmental immunity consists of immunity from liability and immunity from suit. 
Tooke v. City of Mexia, 197 S.W.3d 325, 332 (Tex. 2006). A governmental entity that enters into
a contract may waive its immunity from liability, but retains its immunity from suit unless
specifically waived by the legislature. Id. Governmental immunity deprives the trial court of 
subject-matter jurisdiction in cases where instrumentalities of the state have been sued, absent waiver
of immunity by the state. Texas Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224
(Tex. 2004). A plea to the jurisdiction is a proper instrument to raise the issue of governmental
immunity. Id. at 226. Whether a court has subject-matter jurisdiction is a question of law, and we
review the trial court's grant of a plea to the jurisdiction de novo. Id. When reviewing a grant or
denial of a plea to the jurisdiction, we consider the plaintiff's pleadings, construed in favor of the
plaintiff, and any evidence relevant to jurisdiction without weighing the merits of the claim. 
County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).

 In a challenge solely to the pleadings, we decide if the plaintiff has alleged sufficient
jurisdictional facts to show the trial court's subject-matter jurisdiction, using a liberal construction
in favor of the plaintiff. Miranda, 133 S.W.3d at 226. If the plaintiff's pleadings "affirmatively
negate the existence of jurisdiction," then a plea to the jurisdiction may be granted without affording
the plaintiff an opportunity to amend his pleadings. Id. at 226-27. If, however, the pleadings do not
"demonstrate incurable defects in jurisdiction," but merely fail to allege sufficient facts to
affirmatively show a waiver of governmental immunity, then the plaintiff should have an opportunity
to amend. Id. To affirmatively demonstrate the trial court's jurisdiction, the plaintiff must allege
a valid waiver of immunity, which may be either a reference to a statute or to evidence of express
legislative permission. Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 637 (Tex. 1999); see Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003) (plaintiff must allege valid waiver
of sovereign immunity to establish jurisdiction).


DISCUSSION

 In his first issue, Smith contends that the trial court erred in granting the City's plea
to the jurisdiction. The district court granted the City's plea after considering the pleadings and
arguments of the parties only, without the introduction of jurisdictional evidence. We review the
trial court's determination de novo. Miranda, 133 S.W.3d at 226. Because Smith has the burden
to invoke the jurisdiction of the court by showing in his pleadings that governmental immunity is
waived, we look to his live petition, construing it liberally and looking to his intent. Id. We will
address each of Smith's causes of action in turn.

Declaratory Judgment

 In his petition, Smith sought a declaratory judgment that the "1976 judgment of the
Court in Cause No. 2880 . . . is res judicata, and the City of Blanco cannot or is 'estopped' to deny
the contract in this new lawsuit for an additional breach of contract." A party seeking declaratory
relief against a governmental unit to establish the validity of a contract or to enforce a contract is
bringing a suit against the state and must have legislative permission to maintain that suit. Texas
Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). A litigant may
not merely change the form of his or her cause of action from a breach of contract to declaratory
relief to sidestep governmental immunity. Id.

 Smith's claim is predicated on breach of contract, despite being cast as a request for
declaratory relief. See Texas Parks & Wildlife Dep't v. Callaway, 971 S.W.2d 145, 152 (Tex. 1998). 
In essence, Smith is asking the trial court to declare that a contract between him and the City exists,
for the purpose of enforcing a breach of that contract. For the trial court to have subject-matter
jurisdiction to hear the claim for declaratory relief, Smith must establish a waiver of governmental
immunity in this case. Miranda, 133 S.W.3d at 226; Callaway, 971 S.W.2d at 152. 

 Because Smith's request for declaratory relief is intertwined with his
breach-of-contract claim, we must analyze whether any waiver of immunity applies to his claim for
breach of contract.


Breach of Contract

 In his third amended petition, Smith asserted that the City waived its governmental
immunity because its construction and maintenance of the river crossing and reservoir are proprietary
functions, not governmental functions. The proprietary/governmental function distinction is relevant
to waiver of governmental immunity in the context of tort claims, but has not been extended to
breach-of-contract claims. See Tooke, 197 S.W.3d at 343. A municipality cannot invoke
governmental immunity to protect itself from torts committed while performing proprietary
functions, as it can for governmental functions. Id. In this case, we need not decide whether to
extend the proprietary/governmental distinction to breach-of-contract cases because the City's
actions fall within its governmental functions as defined by statute. See Tex. Civ. Prac. & Rem.
Code Ann. § 101.0215(a)(2) (health and sanitation services); (4) (bridge construction and
maintenance and street maintenance); (11) (waterworks); (32) (water and sewer service)
(West 2005).

 The parties do not dispute that section 271.152 of the Texas Local Government Code,
which waives governmental immunity from suit for certain written contracts to provide goods or
services to municipalities, does not apply in this case. See Tex. Loc. Gov't. Code Ann. § 271.152
(West 2005). Smith presents no other applicable statute or evidence of legislative permission. 
See Jones, 8 S.W.3d at 637.

 In his brief, Smith urges us to hold that the City waived its immunity by conduct. We
decline the invitation. Assuming Smith's allegations as pleaded are true, we can sympathize with
his predicament, but we do not think that the City's conduct is egregious enough to require equitable
waiver of immunity by conduct as discussed below.

 Governmental units do not waive their immunity from suit simply by contracting with
a private party. Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 408 (Tex. 1997). The supreme
court's decision in Federal Sign, however, appeared to leave open the possibility that a governmental
unit could waive its immunity from suit, absent legislative action, by conduct that amounted to
something more than merely contracting with a private party. Id. at 408 n.1. Justice Baker, writing
for a plurality of the supreme court in IT-Davy, seemed to foreclose the option altogether; however,
five justices, writing in concurrence and dissent, suggested that there may be equitable circumstances
that would justify it. See, e.g., 74 S.W.3d at 862 (Hecht, J., concurring) ("I cannot absolutely
foreclose the possibility that the State may waive immunity in some circumstances other than
by statute.").

 While there is no supreme court decision approving of a specific waiver by conduct,
at least one recent case from the First Court of Appeals provides guidance. See Texas S. Univ.
v. State St. Bank & Trust Co., 212 S.W.3d 893 (Tex. App.--Houston [1st Dist.] 2007, pet. denied).
In that case, Texas Southern University contracted with CMS Viron to lease heavy equipment to the
University. Id. at 897. Attached to the Master Lease Agreement was an opinion letter from TSU's
general counsel giving assurances to CMS that the contract was binding against the University and
that CMS would be able to collect on a judgment against TSU, should the need arise. Id. at 898. 
After CMS delivered the equipment, TSU refused to honor its agreement, citing sovereign immunity. 
Id. The court held that TSU waived immunity by its conduct. Id. at 908. The court focused
primarily on the fact that TSU gave false assurances of the validity and enforcability of the contract
to "lure" CMS into the contract, then reneged on its agreement, and tried to hide behind the cloak
of immunity. Id.

 In the present case, we have no such egregious conduct by the City. Smith does not
allege that the City lured him into the deal with representations that the City would not be immune
from suit should the need arise to sue. He does not contend that the City did anything other than
what one would expect of any ordinary contracting party. While Smith may have been under the
impression that the City would not be immune from suit, he does not allege that the City did
anything to plant or foster the mistaken belief. Smith does not allege that the City provided him with
a legal opinion on which to rely, nor does Smith claim that the City made any representations to him
concerning immunity at all. Smith's potential misunderstanding of the law is not enough to justify
an equitable waiver of immunity against the City. Likewise, Smith's reliance on the City's promise
to build and maintain a river crossing is not sufficient. The existence of mutual promises is a
necessary element of most contracts, and the supreme court has held that merely contracting with
a private party, without more, is not enough to waive governmental immunity by conduct. See 
Fed. Sign, 951 S.W.2d 408. Nor is it even enough that the City accepted the benefits of the contract. 
See Texas A&M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 840 (Tex. 2007); IT-Davy,
74 S.W.3d at 860.


Nuisance

 In general, the City is protected by governmental immunity from common-law
nuisance claims for its governmental functions, absent an express waiver by the legislature. City of
Dallas v. Jennings, 143 S.W.3d 310, 315 (Tex. 2004). However, the City is not immune from suit
if the nuisance conduct rises to the level of a taking "for or applied to public use" under the Texas
Constitution. See Tex. Const. art. I, § 17; Jennings, 143 S.W.3d at 315. The Texas Constitution
itself functions to create the express waiver for takings claims. Jennings, 143 S.W.3d at 315-16. 
The Texas Tort Claims Act may also waive immunity in certain nuisance cases. See Tex. Civ. Prac.
& Rem. Code Ann. § 101.021 (West 2005).

 Smith did not plead a basis for waiving governmental immunity as to his nuisance
claim, nor did he plead jurisdictional facts that would establish a waiver. He therefore failed to
affirmatively demonstrate the trial court's subject-matter jurisdiction. Jones, 8 S.W.3d at 637. 
Furthermore, Smith's claim for nuisance is not centered on the flooding of his land without
compensation--which, if pleaded properly, could arguably be interpreted as an unconstitutional
taking--but rather that the river crossing built by the City is in a poor state of repair and constitutes
a hazard to travelers, which is not a nuisance for which governmental immunity is waived. See Tex.
Civ. Prac. & Rem. Code Ann. § 101.0215(a)(4) (bridge construction and maintenance and street
maintenance are governmental functions). 

 Because Smith's pleadings do not demonstrate that the trial court has subject-matter
jurisdiction over any of his causes of action, we overrule Smith's first issue.


Opportunity to Amend

 In his second issue, Smith requests that we grant him leave to amend his pleadings
in an attempt to invoke the trial court's subject-matter jurisdiction. This issue turns not on whether
Smith's pleadings affirmatively demonstrate the trial court's jurisdiction, but whether his pleadings
affirmatively negate jurisdiction. If his pleadings do not affirmatively negate jurisdiction, then we
must grant him leave to amend. Miranda, 133 S.W.3d at 227.

 As an initial matter, Smith complains that the trial court failed to rule on the City's
special exceptions before granting the City's plea to the jurisdiction, thus depriving Smith of an
opportunity to amend his pleadings. Smith also asserts that a government defendant must attack the
pleadings by special exception before seeking to have a suit dismissed for want of prosecution. 

 Smith's first contention ignores the procedural history of the case. By the time of the
hearing on the City's special exceptions, Smith had already amended his petition three times, adding
and subtracting claims and refining his facts with each petition. Smith had ample opportunity to
amend his pleadings, demonstrated by the fact that he did so three times. 

 Smith's second contention may be correct in cases of dismissal for want of
prosecution, but that rule does not extend to this case. A dismissal for want of prosecution is not the
same as a grant of a plea to the jurisdiction. A plea to the jurisdiction raises a fundamental question
about the authority of the trial court to hear the case in the first place, see Miranda, 133 S.W.3d at
226-27, whereas a dismissal for want of prosecution does not implicate the jurisdiction of the trial
court at all, but rather is used to dismiss a case when a party seeking affirmative relief did not meet
deadlines or failed to prosecute a case with due diligence. See Tex. R. Civ. P. 165a; Villarreal v. San
Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999). If Smith's complaint is that his
pleadings were not fully developed because he was waiting for a ruling on the City's special
exceptions, then he could have supplemented his pleadings by presenting other jurisdictional
evidence at the hearing on the City's plea to the jurisdiction and submitted the record of that hearing
for our review. 

 Amendment is proper only if Smith's petition does not affirmatively negate the
existence of jurisdiction. If it does not, we should allow him an opportunity to amend. Miranda,
133 S.W.3d at 227. For the reasons discussed above, we hold that Smith's petition, as amended,
affirmatively negates the existence of subject-matter jurisdiction. 

 Smith asks for the opportunity to amend not to plead additional jurisdictional facts
that would cure his pleading defects, but rather to assert additional causes of action for which
governmental immunity might be waived. However, since Smith's pleadings affirmatively negate
subject-matter jurisdiction for the causes of action he pleaded, he is not entitled to the opportunity
to amend. See Koseoglu, 233 S.W.3d at 840 (holding that it was error for court of appeals to allow
plaintiff to amend his petition to assert new causes of action for which immunity may have been
waived when his pleadings affirmatively negated subject-matter jurisdiction for claim he did plead). 
Because he is not entitled to an opportunity to amend, we overrule Smith's second issue.


CONCLUSION

 We affirm the order of the trial court granting the City's plea to the jurisdiction.




 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: October 8, 2009
1. The district court dismissed without prejudice Smith's claims against Mr. Rodrigue, and
he is not a party to this appeal.