In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00181-CV
_____

IN RE QUADVEST, L.P. AND WOODLAND OAKS UTILITY, L.P.

_____

Original Proceeding
284th District Court of Montgomery County, Texas
Trial Cause No. 20-08-10189-CV
_____

MEMORANDUM OPINION

In this original proceeding, Quadvest, L.P. and Woodland Oaks Utility, L.P.,

Relators, complain that the trial court abused its discretion by denying their pleas in

abatement. According to Relators, the trial court violated the doctrine of dominant

jurisdiction by allowing the San Jacinto River Authority's suit to proceed even

though they had sued the San Jacinto River Authority (SJRA) in 2019 in a case that

was still pending on claims the SJRA breached its contract. The issues in both the

suits filed by the SJRA against Relators and the suit filed by the Relators against the SJRA involve the same contracts. And while the first suit involves more parties and other claims, both of the suits at issue here involve the parties' breach of contract claims. The first suit, filed in 2019 by Relators, alleges that the SJRA breached groundwater reduction contracts that the SJRA has with the Relators. The second suit, filed in 2020 by the SJRA, alleges the Relators breached these same contracts when they failed to pay the SJRA what the SJRA alleges the Relators owed it under their respective contracts. According to Relators, the claims in the suits are intertwined.

In response to the petition, the SJRA notes the suits in both trial court causes are pending before the 284th District Court. For that reason, the SJRA contends the doctrine of dominant jurisdiction and the policy reasons supporting the doctrine do not apply to the SJRA's second suit, meaning the suit it filed in 2020 against the Relators.

For the reasons explained below, we conclude Relators have not shown the trial court clearly abused its discretion in denying their pleas to abate the SJRA's suit. And we conclude the Relators have not shown an ordinary appellate remedy is inadequate to correct the trial court's alleged error.

2

Background

In September 2019, Relators sued the SJRA for breaching the parties' written agreements to provide water at agreed rates under groundwater reduction contracts between the parties. The clerk assigned the first suit Trial Court Cause Number 19-09-12611-CV, and that suit is pending in the 284th District Court. Later, Relators amended their petition in Trial Court Cause Number 19-09-12611-CV to add claims for fraud and to rescind the groundwater reduction contracts they signed with the SJRA. The SJRA filed counterclaims in the same cause, asking the trial court to declare the SJRA's rates and fees valid. The SJRA also filed a crossclaim in that cause against the City of Conroe and the City of Magnolia (the Cities), alleging the Cities breached their groundwater reduction contracts with the SJRA.

When the Cities responded to the SJRA's crossclaims, they filed pleas to the jurisdiction and alleged they were immune from the SJRA's suit. Following a hearing, the trial court granted the Cities' pleas. The SJRA challenged the trial court's ruling on the Cities' pleas by filing an accelerated appeal, which was heard in this Court, but the trial court's orders as to those pleas were recently affirmed.[1]

---

[1]*See San Jacinto River Auth. v. City of Conroe*, No. 09-20-00180-CV, 2022 WL_____, at *1 (Tex. App.—Beaumont Apr. 21, 2022, no pet. h.) (mem. op.).

Shortly after the SJRA appealed, the SJRA sued the Relators in October 2020 in a separate suit, a suit the clerk assigned Trial Court Cause Number 20-08-10189-CV. In the second suit, the SJRA alleged the Relators breached their contracts with the SJRA by failing to pay the SJRA what they owed the SJRA under the contracts for the water they agreed to buy from the SJRA under the water district's groundwater reduction plan. In response to the suit, Relators filed pleas in abatement, asking the trial court to place the SJRA's suit on hold. Even so, Relators wanted the trial court to allow their suit, which they filed first, to proceed in face of a stay order by this Court pending the resolution of the trial court's ruling on the Cities' jurisdictional pleas. In the pleas to abate, the Relators argued the two suits involve overlapping issues and claims, suggesting the claims the SJRA brought against the Relators in the second and later-filed suit alleging the Relators breached the contracts by nonpayment were compulsory counterclaims that the SJRA had to file in the first case, Trial Court Cause Number 19-09-12611-CV.

In the trial court, the SJRA opposed the motion to abate. In part, the SJRA asked that the trial court allow it to proceed because the first suit had been stayed following the Cities appeal from the trial court's rulings on the pleas to the jurisdiction in Trial Court Cause Number 19-09-12611-CV. The SJRA suggested that ruling stayed the proceedings in Trial Court Cause Number 19-09-12611-CV,

4

yet it also wanted to pursue its own breach of contract claims against Relators for nonpayment.

The trial court conducted a hearing before ruling on Relators' motion to abate. During the hearing, the SJRA argued that Relators would suffer no prejudice should the court allow the second suit to proceed while awaiting the outcome of the appeal. According to the SJRA, Relators could assert their complaint that the SJRA was the party that breached the contracts as a defense to the SJRA's breach of contract claims. Relators also complained that, by permitting the SJRA to file a second suit, the SJRA had unfairly changed its posture in the case from that of a defendant to that of a plaintiff. According to Relators, by going forward with the second suit, the trial court was risking having factfinders in the two suits reach different results that could lead to inconsistent judgments. In response to the Relators' argument that allowing the second suit to proceed risked inconsistent judgments, the SJRA argued the chances the outcomes would differ were slight since both cases would be tried before the same judge.

## Analysis

Relators argue the law of dominant jurisdiction, a concept described in *In re J.B. Hunt Transport, Inc.*, applies to both to the suits. In *J.B. Hunt*, the Texas

5

Supreme Court explained "[t]he general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts."[2] Relators contend the claims the SJRA filed in the second suit are inherently interrelated with the claims that Relators filed when, in September 2019, they filed the first suit. Relators conclude that no exceptions to the rule of dominant jurisdiction apply to the second suit.

We disagree that a question of dominant jurisdiction is present when the case is pending in the same court and before the same judge. A dominant jurisdiction analysis requires a court to ask three questions: (1) does an inherent interrelationship exist between the subject matter of the two suits; (2) if so, did the trial court abuse its discretion in denying a party's plea to abate the second suit; and (3) if so, is the party that filed the plea to abate entitled to mandamus relief.[3]

The compulsory counterclaim rule guides whether an inherent interrelationship exists between two actions.[4] In part, Rule 97(a) provides:

> A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing

---

[2]*In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding).

[3]*Id*. at 292.

[4]*Id*.

6

party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction[.][5]

In *J.B. Hunt*, the Texas Supreme Court explained "a counterclaim is compulsory if, in addition to Rule 97(a)'s other requirements, it was not the subject of a pending action when the original suit was commenced."[6]

The SJRA argues its claims, as they are pleaded in the second of the two suits, are neither compulsory counterclaims, nor are they claims inherently interrelated to the claims the Relators filed against it. That's so, the SJRA argues, because the claims it filed against Relators for nonpayment accrued against Relators after Relators filed their suit, not before. Even if that's true, "[a] claim which either matured or was acquired by the pleader after filing his pleading may be presented as a counterclaim by amended pleading."[7] We conclude the SJRA's claims for nonpayment, whether the claims were matured or acquired after Relators sued the SJRA in 2019, are compulsory counterclaims. As compulsory counterclaims, the claims are inherently interrelated to the claims Relators filed against the SJRA over alleged breaches of the groundwater reduction contracts at issue here.

---

[5]Tex. R. Civ. P. 97(a).
[6]*In re J.B. Hunt Transport, Inc.*, 492 S.W.3d at 293.
[7]Tex. R. Civ. P. 97(d).

Second, we ask whether the trial court abused its discretion in denying the pleas the Relators filed asking the trial court to abate the suit filed by the SJRA. Generally, to avoid prejudice, to do justice, and to increase the convenience to the trial court in handling its docket, the trial court has an inherent right to control its docket.[8] Both the suit filed in 2019 and the suit filed in 2020 are pending in the 284th District Court. And Rule 41 of the Texas Rules of Civil Procedure allows trial courts with broad flexibility in severing claims against a party, even when the claims are filed in the same suit and allowing those claims to proceed separately should the trial court, in the exercise of its discretion, decide to try the claims piecemeal rather than trying the claims together.[9] At this point, we cannot know whether the trial court might order Trial Court Cause Number 19-09-12611-CV and Trial Court Cause Number 20-08-10189-CV joined, or whether the trial court might sever the claims Relators have against the SJRA in Trial Court Causse Number 19-09-12611-CV and order them joined to Trial Court Cause Number 20-08-10189-CV. Relators have not argued or explained how the trial court violated the joinder and severance rules when the parties have not asked and the trial court has not ruled on any motions that might

---

[8]*See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 631 (Tex. 1999).

[9]*See* Tex. R. Civ. P. 41; *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007).

8

cure the very prejudice the Relators complain might result to them in the mandamus petition they filed here.

Last, we address whether Relators have established they have no remedy through the filing of an ordinary appeal, meaning an appeal they could file after the trial court signs a final judgment in Trial Court Cause Number 20-08-10189-CV. According to the SJRA, the policy reasons for having a rule requiring a trial court to defer to the court that acquires dominant jurisdiction over a suit do not apply here. Here, no risk exists that the cases will be tried in the wrong venue since both suits are filed in Montgomery County. And no risk exists for forum shopping since both suits are filed in the same court and are pending before the same judge. And the SJRA did not race to the courthouse to file its claims before they matured; instead, the SJRA filed its claims only after its claims matured and found itself a party to a suit that had been stayed, pending the outcome of an appeal, an appeal the SJRA did not file.

In mandamus proceedings, the party filing the mandamus must establish the trial court abused its discretion and establish the party has no other remedy to correct the trial court's alleged error through an ordinary appeal.[10] Even though the word

---

[10] *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004).

adequate "has no comprehensive definition[,]" it is no more than "a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts."[11] "We determine whether an adequate appellate remedy exists by weighing the benefits of mandamus review against the detriments."[12] The flexible balancing test differs from the rigidity of the active-interference standard, which is the standard the Texas Supreme Court formerly used but abandoned when addressing orders denying a party's plea in abatement.[13] The *Prudential* "balancing test is necessarily a fact-specific inquiry that resists categorization."[14] Of course, we recognize that had the trial court violated the principle of dominant jurisdiction in exercising jurisdiction over the second and later-filed case, the Relators burden is reduced to showing only that the trial court abused its discretion before they would be entitled to mandamus relief.[15] But we conclude the trial court did not violate the principle of dominant jurisdiction under the circumstances presented here.

---

[11]*Id.* at 136.

[12]*In re Academy, Ltd.*, 625 S.W.3d 19, 32 (Tex. 2021) (orig. proceeding).

[13]*In re J.B. Hunt*, 492 S.W.3d at 299.

[14]*In re Prudential*, 148 S.W.3d at 136 (cleaned up).

[15]*In re J.B. Hunt*, 492 S.W.3d at 299-300.

We have found no cases in which the dominant jurisdiction rule was applied when the cases before the appellate court both involved cases filed and pending in the same District Court. Relators argue the fact the cases were filed in the same court doesn't matter to deciding whether the dominant jurisdiction rule applies. We don't agree since the court in which both cases are pending is the same court and the cases are pending before the same judge. If the trial court makes an error in denying a motion to sever or to join the cases together when and if those motions are filed, the Relators or the SJRA will have the right to complain and seek a remedy for that error in an ordinary appeal.

The Texas Supreme Court explained the first-filed rule "flows from principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues."[16] Yet that principle has little if any weight when the suits are before and pending in the same court. That's because it makes no sense to say that a trial court judge has interfered with himself or herself. Nor will these cases burden multiple counties or multiple District Courts. Instead, it appears the same judge will preside, coordinate, or consolidate the two causes as the need to do so may arise. By allowing the suit filed in 2020 to proceed, the trial court did nothing more than allow

___

[16]*Id*. at 294.

the breach of contract claims filed by the SJRA to proceed while the claims in the first suit, a suit that involves more than just breach of contract claims and the parties before us here, was stayed on jurisdictional grounds awaiting the outcome of an interlocutory appeal.

So while Relators argue it's unfair for them to now be cast as defendants when they chose to sue first so they could be plaintiffs, it's unclear how the parties might be aligned when the case is tried given the discretion courts have under the Rules of Civil Procedure to join and consolidate suits and to realign the parties according to their positions at trial. Simply put, Relators have not shown why the alleged error they complain about in their petition must be addressed now through a mandamus proceeding rather than following a trial.[17]

We conclude Relators have neither established the trial court abused its discretion by denying the SJRA's plea in abatement, nor have they shown no adequate remedy exists through the filing of an ordinary appeal. Accordingly, we hold that Relators are not entitled to relief.[18] We lift the temporary stay that we granted in the appeal, which stayed the proceedings in Trial Court Cause Number

---

[17]*See* Tex. R. Civ. P. 40, 41.
[18]*See In re Prudential*, 148 S.W.3d at 135-36.

20-08-10189-CV pending the outcome of this proceeding. And because the Relators

have not shown they are entitled to relief, their petition for mandamus is denied.[19]

PETITION DENIED.

PER CURIAM

Submitted on August 9, 2021
Opinion Delivered April 28, 2022

Before Golemon, C.J., Horton and Johnson, JJ.

---

[19]*See* Tex. R. App. P. 52.8(a).