

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00668-CV

America Amada **GONZALEZ**,
Appellant

v.

Jose Gilberto **PENA**, Imelda B. Pena, and Maria Guadalupe Villarreal,
Appellees

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. DC-15-547
Honorable Jose Luis Garza, Judge Presiding

Opinion by:  Rebeca C. Martinez, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
  Rebeca C. Martinez, Justice
  Irene Rios, Justice

Delivered and Filed: August 2, 2017

REVERSED AND REMANDED

This is an appeal from the trial court's dismissal of appellant's suit for want of prosecution. In three issues on appeal, appellant asserts the trial court erred in dismissing her suit because she did not receive adequate notice, the trial court erred by not reinstating her case, and the trial court intentionally dismissed her case without notice because the trial judge was biased. Because we conclude the trial court did not provide appellant with notice of its intent to dismiss her case, we reverse the trial court's order of dismissal and remand the cause to the trial court for further proceedings.

**DISMISSAL FOR WANT OF PROSECUTION**

In her first issue, appellant asserts the trial court erred by dismissing her suit because she did not receive notice from the district clerk that her case could be dismissed. Appellant contends—and appellees do not dispute—she had no past history of disregarding any court notifications of court hearings because the notifications were mailed to her and she did not provide an email address.

Appellant, who was pro se at trial and is pro se on appeal, filed suit against appellees[1] on September 17, 2015. The clerk's record reveals that over the next year, appellant filed motions to recuse the trial judge and a motion for default judgment. Appellees also filed various motions. Each time a hearing was scheduled or an order signed by the trial court, the district clerk mailed notice to appellant and emailed notice to appellees' attorney.[2] On December 14, 2015, the district clerk issued a "Notice" stating a "Status-Docket Control Conference/DWOP" was set for January 13, 2016, and "Counsel's personal appearance is required." The "Notice" contains appellant's physical mailing address and an email address for the attorney representing appellee Guadalupe Villarreal. The attorney representing appellees Jose and Imelda Pena is not listed as an addressee in the "Notice." The clerk's record contains a copy of an envelope addressed to appellant. The district clerk's case management system print-out contains the following two notations regarding this "Notice":

> 12/14/15 Status-Docket Control Conference/DWOP for Jan. 13, 2016 – Efiled on 12/14/2015 2:48 PM. . . . Comments: MAIL COPY OF NOTICE TO PRO-SE [appellant].

> 12/16/15 Notice to Pro Se

---

[1] Only Jose Gilberto Pena and Imelda B. Pena filed an appellee's brief in this appeal.

[2] The clerk's record contains copies of envelopes addressed to appellant.

The trial court's docket sheet reveals the January 13, 2016 hearing was passed because the trial court was "Waiting for Fifth Administration Office to Assign Someone to Case," presumably to hear appellant's motion to recuse. Following the denial of appellant's first motion to recuse, appellant and appellees filed other motions. On August 30, 2016, the district clerk issued a "Notice" stating an "Enter-Docket Control Order/DWOP" was set for September 28, 2016, and "Counsel's personal appearance is required." The "Notice" contains appellant's physical mailing address, the email address for Ms. Villarreal's attorney, and the name only (no contact information) for the Penas' attorney. The clerk's record does not contain a copy of an envelope addressed to appellant. The district clerk's case management system print-out contains the following single notation regarding this "Notice":

> 8/30/2016 NOTICE for Wednesday, September 28, 2016 at 1:00 p.m. – Efiled on 08/30/2016 11:50 AM. . . . Comments: [blank]

The trial court conducted a hearing on September 28, 2016, at which only one of the appellees' attorneys appeared.[3] After noting appellant's absence, the trial court announced it would dismiss the case for want of prosecution. The trial court signed the order dismissing appellant's case for want of prosecution on October 3, 2016.

The trial court's authority to dismiss for want of prosecution stems from two sources: (1) Texas Rule of Civil Procedure 165a, and (2) the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). A trial court may dismiss under Rule 165a on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or when a case is "not disposed of within the time standards promulgated by the Supreme Court . . . ." TEX. R. CIV. P. 165a(1), (2). In addition, the common law vests the trial

---

[3] The reporter's record from this hearing identifies Mr. John Pope as "counsel for defendants." However, the trial court's docket sheet identifies Mr. Pope was attorney of record for only Jose and Imelda Pena.

court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. *Villarreal*, 994 S.W.2d at 630.

However, a party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either Rule 165a or its inherent authority. *Id.*; *see also* TEX. R. CIV. P. 165a(1). A trial court's failure to provide adequate notice of its intent to dismiss requires reversal because a party's due process rights have been violated. *Villarreal*, 994 S.W.2d at 630. Rule 165a provides as follows:

> A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. *Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service.* . . . .

TEX. R. CIV. P. 165a(1) (emphasis added).

Nothing in either the December 14, 2015 "Notice" or the August 30, 2016 "Notice" indicates appellant's case was subject to dismissal for failure to appear or for failure to prosecute the case with diligence. *See Johnson–Snodgrass v. KTAO, Inc.*, 75 S.W.3d 84, 88 (Tex. App.—Fort Worth 2002, pet. dism'd) (explaining, "[n]otice that a case may be dismissed for failure to appear at a hearing, as authorized by rule 165a, does not constitute adequate notice that the trial court may exercise its inherent authority to dismiss a case for want of prosecution."). The "Notices" merely contain an acronym for dismissal for want of prosecution ("DWOP"). Therefore, we are unable to discern whether the trial court intended to dismiss under Rule 165a or pursuant to its inherent power.[4] Nevertheless, appellant was entitled to notice before the court could dismiss her case for want of prosecution under either Rule 165a or the court's inherent authority. Based

---

[4] On appeal, appellant does not complain the notice inadequately apprised the parties of the trial court's intention to dismiss for want of prosecution or its basis for dismissal. She complains only that she never received a notice. Therefore, the adequacy of the notice sent by the district clerk is not before us.

on the "Notices" that contained only appellant's physical mailing address, the mailing envelopes contained in the clerk's record indicating other documents were mailed by the district clerk, and the statements in the district clerk's case management system print-out, we conclude appellant did not receive notice of the trial court's intention to dismiss her case at a September 28, 2016 hearing.

## CONCLUSION

For the reasons stated above, the trial court erred in dismissing appellant's case for want of prosecution because she was not provided with notice and an opportunity to be heard. We, therefore, reverse the trial court's order of dismissal and remand this matter to the trial court to reinstate appellant's case on the court's docket.[5]

Rebeca C. Martinez, Justice

---

[5] Because this issue is dispositive, we do not address appellant's other arguments on appeal. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").