

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00298-CV

———————————————

DONALD BRITTON, Appellant

V.

RIAD ALMASRI, KHALID A. AZZOUZ, FORT WORTH DENTAL INSTITUTE,
PLLC, AND FAST NEW SMILES OF FORT WORTH, LLC, Appellees

---

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-344232-23

---

Before Kerr, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Donald Britton, acting pro se, filed a health care liability suit against Appellees Riad Almasri, Khalid A. Azzouz, Fort Worth Dental Institute PLLC, and Fast New Smiles of Fort Worth LLC, alleging that he had sustained injuries from their dental malpractice. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.001(13).

Almasri and Azzouz moved to dismiss Britton's claims against them, asserting that he had failed to comply with Chapter 74 of the Texas Civil Practice and Remedies Code. *See id.* § 74.351 (requiring claimant to serve an expert report on all parties (or their attorneys) not later than the 120th day after the original answer is filed). The trial court granted their motion and dismissed Britton's claims against them.

Britton moved for a jury trial on his claims against Fort Worth Dental Institute and Fast New Smiles of Fort Worth (the entities). However, the trial court discovered that Britton had not requested citation for his claims against them and twice ordered him to request citation, warning that his failure to effectuate service would result in the dismissal of his remaining claims for want of prosecution. Britton moved to recuse the trial court judge, alleging that she had "engaged in harassment, intimidation and threats" by ordering him to request citation. Despite the trial court's orders and warnings, Britton did not request citation, and the trial court dismissed his claims against the entities. Britton filed this appeal.

In twelve issues—which we have consolidated into three groups—he complains of the trial court's (1) dismissal of his claims against Almasri and Azzouz, (2) dismissal of his claims against the entities, and (3) alleged mistreatment of him. Because Britton failed to serve an expert report on Almasri and Azzouz and failed to request citation for his claims against the entities, the trial court did not abuse its discretion by dismissing his claims. Because his accusation of mistreatment by the trial court is inadequately briefed—to a degree that cannot be interpreted away by a liberal construction—nothing is presented for our review. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 4, 2023, Britton filed his "Petition for Damages" against Almasri, Azzouz, and the entities for their allegedly defective dental work.[1] Twelve exhibits were attached to his petition, including his dental records—Exhibit L—from another dental office. Britton requested citation for his claims against Almasri and Azzouz, but he did not request citation for his claims against the entities.

On October 6, 2023, Almasri and Azzouz timely filed their answers and complained of Britton's lack of compliance with Chapter 74 of the Texas Civil Practice and Remedies Code—requiring Britton to provide them with written notice at least sixty days before he filed the suit and to include an authorization form for the

---

[1] Britton's petition alleged "breach of contract, fraudulent misrepresentation, financial exploitation of Elderly (Texas Penal Code 32.53 (a)(2)[(,] malpractice, violation of dentist ethic and code of conduct, theft, deceptive practices, extortion and punitive damages."

release of his protected health information. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.051. Because Britton did not provide advanced notice and did not include an authorization form, Almasri and Azzouz moved to abate the case. On January 5, 2024, following a hearing,[2] the trial court granted their motion and abated the case for sixty days to allow Britton to comply with Chapter 74.

On March 25, 2024, Almasri and Azzouz moved, pursuant to Section 74.351 of the Texas Civil Practice and Remedies Code, to dismiss Britton's claims against them. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351. Section 74.351 required Britton to serve—within 120 days—on Almasri and Azzouz an expert report describing (1) the applicable standard of care, (2) how their actions failed to meet that standard, and (3) the causal relationship between that failure and the damages claimed. *See id* § 74.351(a), (r)(6). Britton did not respond to Almasri and Azzouz's motion to dismiss, but instead, he moved for summary judgment on his claims against them.

On May 2, 2024, the trial court heard Almasri and Azzouz's motion to dismiss and Britton's motion for summary judgment. With respect to the motion to dismiss, Britton argued that Exhibit L was an expert report and "was submitted along with the petition itself." Almasri and Azzouz countered that Britton had actually submitted

---

[2]At the abatement hearing, Britton attempted to urge a motion for summary judgment. However, the trial court explained that his motion was not before the trial court and that opposing counsel had not received notice of the motion. In our review of the clerk's record, Britton had not filed a motion for summary judgment prior to the abatement hearing.

"medical records with no opinion, no C.V." and that Exhibit L was not an expert report. The trial court agreed with Almasri and Azzouz and found that Exhibit L "look[ed] like medical records" and was "not the required Chapter 74 expert report." Following its finding that Britton had not served an expert report on Almasri and Azzouz, the trial court signed an order dismissing Britton's claims against them.[3]

After the trial court dismissed his claims against Almasri and Azzouz, Britton moved for a trial by jury on his claims against the entities.[4] However, Britton had not requested citation for his claims against them and neither defendant had answered or appeared at any hearings.

On April 4, 2025, the trial court signed an order regarding proof of service. In its order, the trial court noted that Britton had not requested and paid for citations to be issued against the entities, and thus, they had not been properly served. The trial court ordered Britton to file proof that he had properly served the entities no later than April 30, 2025, and warned him that if he failed to do so, his claims against them may be dismissed for want of prosecution.

---

[3]Almasri and Azzouz's motion to dismiss had requested attorney's fees, but at the hearing, they elected to waive the request for attorney's fees.

[4]While Britton's claims against the entities were still pending, he attempted to appeal the trial court's order dismissing his claims against Almasri and Azzouz, but we dismissed the appeal for want of jurisdiction. *See Britton v. Azzouz*, No. 02-24-00206-CV, 2024 WL 3365246, at *1 (Tex. App.—Fort Worth July 11, 2024, no pet.) (mem. op.).

On April 24, 2025, Britton filed a document titled "Proof of Service."[5]  Britton asserted that he had served the entities three times by sending his petition via certified mail to their registered agent (Almasri) and attorney (Hazim Mandavia).  Britton also attached various exhibits, including certified mail receipts, emails from the Texas Secretary of State, and dental records.  He did not request citation.

On May 12, 2025, the trial court signed an order noticing dismissal for want of prosecution.  In that order, the trial court addressed Britton's "Proof of Service."  The relevant portion of the order reads:

> None of these documents, however, establishes that [Britton] has properly served Defendants Fort Worth Dental Institute, PLLC, and Fast New Smiles of Fort Worth.  In fact, it does not appear that [Britton] has requested and paid for the Clerk to issue citations to these Defendants in the 21 months this case has been pending. The fact that one of the individual Defendants may be the registered agent for one of the business entities does not relieve [Britton] of his service obligations.  The Court further notes that Hazim Mandavia has not filed an appearance on behalf of Fort Worth Dental Institute, PLLC, or Fast New Smiles of Fort Worth in this case.  The Court, accordingly, will allow [Britton] one last opportunity to obtain citations from the Clerk and properly serve Fort Worth Dental Institute, PLLC, and Fast New Smiles of Fort Worth with all required documents.

The trial court's order warned that unless Britton requested citation for his claims against the entities and provided proof no later than June 13, 2025, his claims

---

[5]On April 14, 2025, Britton filed a motion to recuse the trial court judge.  He argued that the trial court judge was prejudiced, biased, and engaged in unethical, illegal, and improper conduct.  Those accusations arose from the trial court's order directing him to request citation.

against them would be dismissed for want of prosecution. Despite the trial court's orders and warnings, Britton did not request citation.

On June 17, 2025, the trial court signed a final order dismissing Britton's claims against the entities. Britton appealed.

## III. DISCUSSION

Britton's brief enumerates twelve issues, but in substance, many of them are merely restatements or arguments related to his other issues. For ease of discussion, we have reordered and consolidated Britton's issues into three groups: (1) dismissal of his claims against Almasri and Azzouz, (2) dismissal of his claims against the entities, and (3) accusations of mistreatment by the trial court.[6]

As a preliminary matter, we note that Britton's brief is wholly noncompliant with the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 38.1 (setting out requisites of appellant's brief). It is devoid of any references to the clerk's record or reporter's record and lacks citations to any legal authority. We could thus decide this appeal based on the inadequacy of Britton's briefing, but we instead decide to reach the merits of his first two issues because we are able to discern what he intended to

---

[6]We first address Britton's second issue, then his first issue, and finally we address his third through twelfth issues together. *See Hockins v. U.S. Certified Contractors, Inc.*, No. 02-17-00180-CV, 2018 WL 2248487, at *2 n.2 (Tex. App.—Fort Worth May 17, 2018, no pet.) (mem. op.) (addressing appellate issues out of order for ease of discussion); *Aero DFW, LP v. Swanson*, No. 02-06-00179-CV, 2007 WL 704911, at *2 (Tex. App.—Fort Worth Mar. 8, 2007, no pet.) (mem. op.) (addressing appellate issues together for ease of discussion).

7

present for our review. The same cannot be said for his third through twelfth issues, as they are an amalgamation of allegations of mistreatment by the trial court and unaccompanied by references to the record. These deficiencies prevent us from discerning the complaints Britton intended to raise for our review or the relief sought—much less the legal and factual support for his arguments. Consequently, the severity of his inadequate briefing presents nothing for our review in his third through twelfth issues.

### A. CLAIMS AGAINST ALMASRI AND AZZOUZ

In his second issue, Britton complains that the trial court erred by dismissing his claims against Almasri and Azzouz because he complied with Chapter 74 of the Texas Civil Practice and Remedies Code by serving them "with a doctor's report as required." We disagree.

### 1. Standard of Review and Applicable Law

Chapter 74 of the Texas Civil Practice and Remedies Code, also known as the Texas Medical Liability Act, requires health care liability claimants to serve an expert report upon each defendant not later than 120 days after that defendant's answer is filed. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). "Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed." *Id.*

The Texas Supreme Court has explained that the purpose of the expert report requirement is to weed out frivolous malpractice claims in the early stages of litigation, not to dispose of potentially meritorious claims. *Am. Transitional Care Ctrs. of Tex. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001); *see also Loaisiga v. Cerda*, 379 S.W.3d 248, 258 (Tex. 2012) ("[Expert report] requirements are meant to identify frivolous claims and reduce the expense and time to dispose of any that are filed."). In accordance with that purpose, the Act provides a mechanism for dismissal of the claimant's suit in the event of an untimely or deficient report. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a), (b).

An expert report is sufficient under the Act if it "provides a fair summary of the expert's opinions . . . regarding applicable standards of care, the manner in which the care rendered . . . failed to meet the standards, and the causal relationship between the failure and the injury." *Id.* § 74.351(r)(6). The trial court need only find that the report constitutes a "good faith effort" to comply with the statutory requirements. *Id.* § 74.351(l); *see also Palacios*, 46 S.W.3d at 878. The Texas Supreme Court has held that an expert report demonstrates a "good faith effort" when it "(1) inform[s] the defendant of the specific conduct called into question and (2) provid[es] a basis for the trial court to conclude the claims have merit." *Baty v. Futrell*, 543 S.W.3d 689, 693–94 (Tex. 2018). A report "need not marshal all the claimant's proof," but "a report that merely states the expert's conclusions about the standard of care, breach, and causation" is insufficient. *Palacios*, 46 S.W.3d at 878–79.

9

We review a trial court's decision to grant or deny a motion to dismiss based on the adequacy of an expert report for an abuse of discretion, and in analyzing a report's sufficiency under this standard, we consider only the information contained within the four corners of the report. *Id.* at 877–78. A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995).

## 2. Britton's Failure to Serve an Expert Report

Britton contends that he complied with Chapter 74 of the Texas Civil Practice and Remedies Code by attaching Exhibit L—allegedly his expert report—to his petition.[7] At the hearing on Almasri and Azzouz's motion to dismiss, Britton made two arguments in support of this position.

First, he maintained that Exhibit L was an expert report because it "shows the chief complaint, what [the dentist's] findings were, his prognosis, [and] his diagnosis." Second, he argued that Almasri and Azzouz waived any complaint to his expert report

---

[7]Britton does not challenge the trial court's finding that his claims against Almasri and Azzouz are governed by Chapter 74 of the Texas Civil Practice and Remedies Code.

because they did not object to it within twenty-one days. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a).

At the hearing, the trial court found that Exhibit L "isn't a medical expert report. These are medical records." We agree with the trial court. Britton's "expert report" is no expert report at all; rather, it is merely eight pages of dental records from a different dentist's office. Exhibit L does not provide an expert opinion—it is simply another dentist's notations, generalized statements, and recitation of facts regarding that dentist's subsequent treatment of Britton.

As we discussed above, the report need not marshal all Britton's proof, but it must include the expert's opinion on each of the three elements that the Act identifies: standard of care, breach, and causal relationship. *See Palacios*, 46 S.W.3d at 878. "A report cannot merely state the expert's conclusions about these elements." *Id.* at 879. "[R]ather, the expert must explain the basis of his statements to link his conclusions to the facts." *Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999). Here, not only is there no discussion of the dentist's opinion on standard of care, breach, and causal relationship—there is no opinion at all. The dentist proffers no opinion or conclusion of Almasri's and Azzouz's treatment of Britton. Consequently, Britton's argument is untenable—how can Exhibit L be an expert report if it does not contain an opinion or a conclusion?

We thus conclude that Britton's Exhibit L does not constitute a "good faith effort" to comply with the statutory requirements in Section 74.351 and that Almasri

11

and Azzouz were not served with an expert report. *See Baty*, 543 S.W.3d at 693–94. Having concluded that Almasri and Azzouz were not served with an expert report, we are unpersuaded by Britton's second argument of waiver.

Because Britton failed to serve an expert report on Almasri and Azzouz, we conclude that the trial court's order dismissing his claims against them was not arbitrary or unreasonable. *See Low*, 221 S.W.3d at 614. Accordingly, we hold that the trial court did not abuse its discretion by dismissing Britton's claims against Almasri and Azzouz.

We overrule Britton's second issue.

## B. CLAIMS AGAINST THE ENTITIES

In his first issue, Britton complains that the trial court erred by dismissing his claims against the entities because he had allegedly served them on multiple occasions. We disagree.

### 1. Standard of Review and Applicable Law

We review a trial court's dismissal for want of prosecution for an abuse of discretion. *Ex parte J.C.*, No. 02-20-00303-CV, 2021 WL 3679238, at *2 (Tex. App.—Fort Worth Aug. 19, 2021, no pet.) (mem. op.); *Sellers v. Foster*, 199 S.W.3d 385, 390 (Tex. App.—Fort Worth 2006, no pet.).

"Unless the citation or court order otherwise directs, the citation must be served by: (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or

12

certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a).

A trial court derives its authority to dismiss a suit for want of prosecution from two independent sources: (1) Texas Rule of Civil Procedure 165a and (2) a trial court's inherent power to maintain and control its own docket. *See* Tex. R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Under Rule 165a, a trial court may dismiss a case based on either the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice" or the case's failure to be "disposed of within time standards promulgated by the Supreme Court." Tex. R. Civ. P. 165a(1), (2). Rule 6 of the Rules of Judicial Administration provides that civil jury cases must be disposed of within eighteen months from the appearance date. Tex. R. Jud. Admin. 6.

### 2. Britton's Failure to Request Citation

Britton argues that dismissal of his claims against the entities was an abuse of the trial court's discretion because he satisfied service of process. We disagree. He conflates obtaining citation and effectuating service of process.

Britton filed his suit on August 4, 2023, and he was required to request citation from the clerk and serve a copy of the citation and the petition on the entities. *See* Tex. R. Civ. P. 106(a). He failed to do so.

On April 7, 2025, and May 9, 2025, the trial court signed orders directing him to obtain citation from the clerk for those claims. In spite of the trial court's orders

13

and warnings, he failed to request citation. Britton was evidently aware of how to obtain citation—demonstrated by his request for citation on August 4, 2023, for his claims against Almasri and Azzouz—and the trial court warned him of the consequence for failing to request citation: dismissal of his claims against the entities.

On June 17, 2025, the trial court signed an order dismissing his claims against the entities. Twenty-two months had elapsed between Britton's filing his petition and the trial court's signing the dismissal—during which time he chose not to request citation.[8] In light of Rule 165a, the trial court's repeated orders and warnings, and Britton's failure to comply, we conclude that the trial court's dismissal order was not arbitrary or unreasonable. *See* Tex. R. Civ. P. 165a; *Low*, 221 S.W.3d at 614. Accordingly, we hold that the trial court did not abuse its discretion by dismissing Britton's claims against the entities.

We overrule Britton's first issue.

### C. ACCUSATIONS OF MISTREATMENT BY THE TRIAL COURT

In his third through twelfth issues, Britton levies several far reaching and grave accusations against the trial court, including "obstruction of justice, coercion, harassment, racism, and intimidation." Beyond lodging these accusations, he offers no citation to the record to support his claims that the trial court engaged in such

---

[8]Rather than request issuance of citation for his claims against the entities, Britton filed a motion to recuse the trial court judge and a motion alleging "obstruction of justice, coercion, harassment, racism, and intimidation."

14

mistreatment. Because his brief lacks record references, case law citations, and substantive legal analysis, Britton presents nothing for our review.

### 1. Standard of Review and Applicable Law

An appellant bears the burden of identifying and explaining how the trial court erred. *Gunderson v. Nat'l Indoor RV, LLC*, No. 02-24-00025-CV, 2024 WL 3365233, at *2 (Tex. App.—Fort Worth July 11, 2024, no pet. h.) (mem. op.). A crucial part of that burden is the appellant's responsibility to "present argument that will enable the [appellate] court to decide the case" by filing a brief that "state[s] . . . the facts . . . supported by record references" and "contain[s] a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(g), (i), 38.9; *see also Gunderson*, 2024 WL 3365233, at *2.

While we construe appellate briefs liberally and attempt to reach the merits of the dispute whenever reasonably possible, *see* Tex. R. App. P. 38.9; *Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019), absent "appropriate 'citation[s] to the record[,] . . . citations for legal references,' and 'substantive [legal] analysis,' a brief is inadequate to present an issue for our review, and the issue is waived." *Gunderson*, 2024 WL 3365233, at *2 (quoting *NexPoint Advisors, L.P. v. United Dev. Funding IV*, 674 S.W.3d 437, 446 (Tex. App.—Fort Worth 2023, pets. denied)); *see In re Guardianship of Onyebuchi*, No. 02-13-00401-CV, 2014 WL 4463114, at *2 (Tex. App.—Fort Worth Sept. 11, 2014, pet. denied) (mem. op.) (recognizing that "arguments raised on appeal

15

that are unsupported by analysis or appropriate citation to legal authority and to the record present nothing for us to review").

## 2. Britton's Inadequate Briefing

Britton fails to support his third issue with any record references. The clerk's record and reporter's record are unreferenced. *See Shetty v. Arconic Inc.*, No. 01-19-00158-CV, 2020 WL 2026371, at \*2 (Tex. App.—Houston [1st Dist.] Apr. 28, 2020, no pet.) (mem. op.) (holding issues inadequately briefed when appellant's "brief include[d] a recitation of the facts . . . [but] no record references"); *Bolling*, 315 S.W.3d at 896 (recognizing that "[i]f record references are not made . . ., the brief fails").

And the portion dedicated to Britton's legal argument is likewise problematic because it does not provide a cogent argument that we can review—it contains no substantive legal analysis or explanation of why Britton believes that he is entitled to relief. *See Gunderson*, 2024 WL 3365233, at \*4 (holding issues inadequately briefed when appellant broadly referenced "textbook law" without citation to legal authority or substantive legal analysis").

In fact, there are no case-law citations—zero—anywhere in Britton's brief. *See id.* at \*3 (holding issues inadequately briefed when "[t]he four sections of [the appellant's] brief . . . dedicate[d] to his four appellate issues lack[ed] any case law whatsoever"). Instead, Britton appears to assume that this court will fill in the gaps by sifting through the record, researching the relevant case law, and applying the specific

provisions and precedent applicable to his case—presumably with the hope that we will select the statutes and precedent that benefit him the most.

It is Britton's burden to discuss his assertions of error, and "we do not and cannot assume the responsibility of doing [Britton's] briefing for [him]."[9] *Id.* at *2 (quoting *De Los Reyes v. Maris*, No. 02-21-00022-CV, 2021 WL 5227179, at *9 (Tex. App.—Fort Worth Nov. 10, 2021, no pet.) (mem. op.)). We would be "abandon[ing] our role as a neutral adjudicator" were we to "search[ ] the record for facts . . . favorable to [a party's] position," "do[ ] the legal research that might support [his] contentions," and then "resolv[e] the appeal based on the legal arguments we crafted on [the party's] behalf." *Id.* at *2–4 (internal quotations omitted); *Shetty*, 2020 WL 2026371, at *2; *Bolling*, 315 S.W.3d at 895.

Even construing Britton's brief liberally, we are unable to determine the scope of alleged mistreatment that he intended to present for our review. *See* Tex. R. App. P. 38.1(f); 38.9. We are likewise unable to evaluate his argument because he made no citations to the record. *See* Tex. R. App. P. 38.1(i). Finally, without citations to legal authority, Britton also fails to illuminate why he should be entitled to relief. *See id.*

---

[9]A pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and procedural rules. *In re T.H.*, No. 02-19-00300-CV, 2020 WL 5833624, at *2 (Tex. App.—Fort Worth Oct. 1, 2020, no pet.) (per curiam) (mem. op.); *Flores v. Off. Depot, Inc.*, No. 02-10-00311-CV, 2011 WL 2611140, at *2 (Tex. App.—Fort Worth June 30, 2011, no pet.) (mem. op.).

Therefore, given the complete absence of substantive legal analysis and record citations, we conclude that Britton has inadequately briefed issues three through twelve. Accordingly, such inadequate briefing prevents this court from addressing the merits of these issues, and we hold that any complaints that Britton intended to raise in these ten issues are waived. *See Gunderson*, 2024 WL 3365233, at *4 (holding that appellant waived all issues due to his "sparse record references, lack of legal citations, and failure to provide any meaningful analysis of his appellate issues"); *Shetty*, 2020 WL 2026371, at *2 (holding that appellant "waived any error on appeal" when brief "include[d] no record references or citation to any legal authority whatsoever").

We overrule Britton's third, fourth, fifth, sixth, seventh, eighth, nineth, tenth, eleventh, and twelfth issues.

## IV. CONCLUSION

Having overruled Britton's twelve issues, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Delivered: November 6, 2025

18